## COURT OF APPEALS.

### Nov. 9, 1909.

## THE PEOPLE v. JOHN BAROBUTO.

### (196 N. Y. 293.)

(1). MURDER—EVIDENCE EXAMINED AND HELD SUFFICIENT.

Upon consideration of the evidence given on the trial of an indictment for murder in the first degree, *held*, that it sufficiently justified the jurors in finding the defendant guilty, and that nothing occurring upon the trial in the slightest degree warrants interference with the judgment of conviction.

(2). SAME—EVIDENCE OF ANOTHER CRIME COMMITTED AT SAME TIME.

Testimony of the wife of deceased, who was in his company at the time of the murder, that the defendant committed a rape upon her person immediately after the murder, was properly admitted as part of a more or less continuous transaction, and as bearing upon his motive.

APPEAL from a judgment of the Supreme Court, rendered May 26, 1909, at a Trial Term of the county of Orange, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*H. B. Fullerton* for appellant. It was error upon the part of the trial judge to admit the evidence tending to show that the defendant had committed rape upon the wife of decedent, who was the principal and only eye-witness to the alleged murder. (*People v. Gibbs,* 93 N. Y. 470; *People v. Drake,* 65 Hun, 331; *Greenfield v. People,* 85 N. Y. 75).

*Thomas C. Rogers, District Attorney,* for respondent. The evidence as to the rape upon the woman was properly admitted in evidence. (*People v. Johnson,* 139 N. Y. 362; *People v.*

*Fernandez,* 35 N. Y. 64; *People v. Molineux,* 168 N. Y. 264; *People v. Sharp,* 107 N. Y. 469; *People v. Shay,* 147 N. Y. 99; *People v. Pallister,* 138 N. Y. 601; *People v. Doody,* 172 N. Y. 165).

GRAY, J.:

The defendant was indicted, tried and found guilty by a jury, upon the charge of having committed the crime of murder in the first degree by willfully shooting Gaetano Finizia. The evidence amply supported the conviction. The deceased, a young Italian, with his wife, aged nineteen, and a cousin, a youth of eighteen, arrived in New York, as emigrants from Italy. The night of their arrival, they came to Middletown; reaching there about half-past eleven. Carrying their few personal effects, they walked to a saloon, kept by an Italian, to inquire for the address of a man, whose name had been given them. In the saloon were the defendant and two other men, all Italians. The saloon keeper could not give the address and directed them to the residence of Veraldi, his brother-in-law. The defendant and his companions offered to show the way and all went out together. Veraldi gave the desired address; but offered to keep them all night, as there was some distance to go. The defendant induced them to go on with him and his companions. He led them out of the city and, after walking for some time upon a railroad track, the party stopped and the deceased and his cousin were shot by the pistols of the three men who had accompanied them. The cousin fell at once; but the deceased ran for some distance and died the next day from the effects of a shot wound through his body. The wife of the deceased ran after him; but was caught and held by the defendant. She testified that, at the time of the shooting, the defendant was facing her husband and the two other men faced the cousin. She said that she saw the defendant take out his revolver and shoot her husband in the stomach. She was forced to go on with

the three men. The defendant told her she must be his wife and, after walking for some time, he sent his two companions away and forced her to have carnal intercourse with him, under the threat that he would kill her if she refused to submit. They then proceeded, until, towards morning, they came to a box car; into which he took her. He, there, took from her a gold necklace and two gold rings, which she wore, and, then, left her. The defendant, while substantially admitting all that preceded, denied that he took any part in the shooting and charged it upon his companions. He claimed to have been an innocent spectator of the occurrence and to have had no pistol. There were, subsequently, found in his trunk revolver cartridges, containing bullets of the same calibre as the one taken from the body of the deceased. He was identified by the wife of the deceased from his being the largest of the three men. Her testimony as to the taking from her of the gold necklace and rings was corroborated by the testimony of a man, who was in the box car. Other witnesses testified to the defendant's endeavoring to sell the ornaments the following day and there was corroboration in other particulars. The deceased, upon interrogation by the coroner in the hospital, said that he had been shot by two Italians on a railroad track, outside the city. One was " a big fellow " and the other " a short fellow." Without further discussion of the evidence, we are satisfied that it sufficiently justified the jurors in finding the defendant guilty of this atrocious murder and that nothing occurring upon the trial, in the slightest degree, warrants our interference with the judgment of conviction.

The defendant asserts that it was prejudicial error for the trial court to allow the wife of the deceased to testify to the rape committed upon her person. We think that the evidence upon the subject was properly admitted as a part of a more or less continuous transaction and as bearing upon the motive of the defendant. According to her evidence, immediately after her husband and cousin were shot, the defendant told her she must

become his wife and followed it up by compelling her to submit to his lustful embraces and intercourse. Such acts would furnish the jurors with a legitimate inference of what had been the design and the motive of the defendant in killing the woman's companions; which were further manifested in the proof of his despoiling her of the gold ornaments upon her person.

I advise the affirmance of the judgment of conviction.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment of conviction affirmed.