## COTNER v. THE STATE OF INDIANA.

[No. 21,458. Filed November 23, 1909.]

1. EVIDENCE.—*Oral.—Jury's Right to Disregard.—Credibility.—Weight of Evidence.*—Uncontradicted oral evidence is not conclusive, the credibility of witnesses and the weight of their evidence being questions of fact for the jury. p. 170.

2. APPEAL.—*Weighing Evidence.*—Where there is some evidence tending to support a criminal charge, a judgment of conviction will not be disturbed. p. 170.

3. TRIAL.— *Objections to Evidence.— Requisites.— Appeal.*—Objections to evidence must specifically point out the reasons therefor, and must immediately follow the question objected to. p. 170.

4. TRIAL.—*Instructions.—Joint Exceptions to.— Appeal.*— Where a record shows that the court refused certain instructions and that "to the refusal to give said instructions the defendant at the time excepts," no question can be raised thereon unless all should have been given, the exception being joint. *City of Lafayette v. Larson*, 73 Ind. 367, distinguished. p. 171.

5. TRIAL.—*Instructions.—Duplication.*—It is not erroneous to refuse an instruction, where a similar one has been given. p. 172.

6. TRIAL.—*Instructions.*—*Joint Exceptions.*—*Appeal.*—Where the court gave two instructions, to the giving of which "the defendant at the time excepts," no question can be raised thereon unless both were bad. p. 172.

7. TRIAL.—*Instructions.*—*Carrying Concealed Weapons.*— *Time.*— An instruction that the jury should convict the defendant of carrying concealed weapons if they found that defendant had committed the offense in the county at any time within two years next prior to the return of the indictment, regardless of the date charged in the indictment, is not erroneous. p. 172.

8. NEW TRIAL.— *Improper Argument to Jury.*— *How Question Presented.*—*Appeal.*—To save any question upon objections to improper remarks in the argument to the jury, a proper motion should be made, an exception taken to the overruling thereof, such ruling made a ground for the motion for a new trial, and the remarks brought into the record by a bill of exceptions. p. 172.

From Harrison Circuit Court; *William Ridley,* Special Judge.

Prosecution by The State of Indiana against William E. Cotner. From a judgment of conviction, he appeals. *Affirmed.*

*L. A. Douglass* and *H. H. Richard,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White,* and *W. H. Thompson,* for the State.

HADLEY, C. J.—Appellant was convicted of carrying a revolver concealed. He alleges error in the circuit court in refusing to grant him a new trial.

His first two reasons for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law. He earnestly urges in support of these grounds that his own uncontradicted testimony, to the effect that, at the time he is charged with carrying a concealed weapon, he, as a constable and a traveler, was just entering upon a journey into the state of Kentucky to serve a legal notice to quit, entitled him to an acquittal, upon the grounds that he was a traveler and a peace officer.

The rule that uncontradicted evidence cannot be ignored

applies only to written instruments, and not to oral testi-
mony. It is generally the province of the court to
1.  interpret written instruments, and declare their prob-
ative force, when the legal effect of such instruments
is not controlled by the existence or nonexistence of facts
before the jury. *Beckner* v. *Riverside, etc., Turnpike Co.*
(1879), 65 Ind. 468, 473; *Moss* v. *Witness Printing Co.*
(1878), 64 Ind. 125. But with respect to oral evidence, it
has always been the general rule that the credibility of wit-
nesses and the weight of their testimony are matters ex-
clusively within the province of the jury. 6 Ency. Pl. and
Pr., 694.

How far, if at all, kinship, interest in the result of the
trial, or any other fact may reasonably impair the credibility
of a witness must be determined by the jury; and if a witness
so acquits himself as to convince the jury that he is wholly
unworthy of belief, it may discredit such witness altogether.
Appellant, therefore, cannot be allowed to assume that he
established his defense by his own testimony. The verdict
is not in harmony with such an assumption.

We have examined the evidence, and found it of a
2.  character to deprive us of any right to disturb the
verdict.

As a further ground for a new trial, it is insisted that
the court erred in permitting certain witnesses to detail the
particulars of appellant's arrest several months be-
3.  fore upon an affidavit charging him with assault and
battery with intent to kill. The evidence in the bill
of exceptions is set forth in narrative form, and two or more
times in each narrative, after the recital of a set of facts
occupying from a half dozen lines to more than a full printed
page, appear objections, exceptions and motions, in effect
the same as the following: "Defendant objects to said last
testimony, or threats, and moves to strike the same out, and
asks the court to instruct the jury to disregard the same,
which objection and motion is overruled by the court, to

which defendant at the time excepts." There are more reasons than one why this sort of a record saves no question for review. In the first place, how is this court to know the limitations of the objection and exception? The objection here is addressed to "said last testimony, or threats." Does it embrace all the testimony of the witness preceding the objection? If not, what particular part of it? To be available, an objection and exception must immediately follow the objectionable question, and thus direct the court of review with unerring certainty to the exact ruling of the trial court. As this court said in the case of *Cleveland, etc., Co.* v. *Wynant* (1893), 134 Ind. 681, 694: "A party cannot sit by and permit improper testimony to go to the jury, and then make the court's refusal to strike it out available error. The failure to object at the proper time waives the error, if any was committed."

The giving of, and the refusal to give certain instructions to the jury are complained of as a cause for a new trial. The record reads: "And the court gave instructions 1, 5 and 7, and refused 2, 3, 4, 8, 9, 10, 11, 12, 13, 14 and 15, and to the refusal to give said instructions the defendant at the time excepted." The exception is in gross to all the refused instructions, and to be available all should have been good and all refused. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245; Ewbank's Manual, p. 36.

The case of the *City of LaFayette* v. *Larson* (1881), 73 Ind. 367, cited by appellant, is not authority in such a case as this. In that case the instructions were in gross, and were neither numbered nor divided into distinct propositions. There was but a single instruction, and it was held that an exception to any part of it might be reviewed by excepting to all collectively. Here each proposition is separately stated and separately numbered, and there is nothing in the action of the court to justify uncertainty in the limitations of an exception.

Instruction six, given by the court, is in legal effect and almost in identical terms with instruction two, refused, and hence the giving of the latter was properly denied.

Of its own motion the court gave to the jury a series of instructions numbered from one to seven, inclusive, "to the giving of numbers five and seven of said series the defendant at the time excepted." This is another exception in gross, taken jointly as to both.

The only complaint against instruction seven is that it informed the jury that if it found, beyond a reasonable doubt, that the defendant committed the offense in the county at any time within two years next prior to the return of the indictment, it might convict, the point made being that, under such a charge, the jury might search the defendants' conduct for two years and convict him of the offense of carrying concealed weapons on any date, whether it be the one intended by the indictment or not. There is nothing in the point. Time is not of the essence of the offense charged. It is not necessary to charge or to prove the precise date, when time is not an indispensable ingredient of the offense, but it is sufficient if shown to have been within the statute of limitations—in this case, two years. §2046 Burns 1908, Acts 1905, p. 584, §175; *Shell v. State* (1897), 148 Ind. 50; *Armstrong v. State* (1896), 145 Ind. 609; *Fleming v. State* (1894), 136 Ind. 149. Instruction seven being proper, the joint exception was not available even if instruction five was improper, which we by no means concede.

Appellant also seeks to bring before this court for review certain language and conduct of an assistant attorney for the State in his argument to the jury. The motion for a new trial exhibits the objectionable language, and shows the proper exception and motion. But this is the end of it. Such a matter can be brought before this court only by a bill of exceptions, and no such effort has

been attempted. It must have the specific authentication of the trial court. The record from beginning to end is a rare specimen of careless construction.

We find no available error. Judgment affirmed.