## ROBBINS v. STATE OF INDIANA.

[No. 14,065. Filed July 29, 1930. Rehearing denied October 10, 1930. Transfer denied January 29, 1931.]

*Hugh D. Wickens*, for appellant.
*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General, for the State.

REMY, J.—On December 12, 1928, police officers, armed with a valid search warrant, searched the premises of appellant, and, as a result, found thereon, and took possession of, a jug containing two and one-half gallons of whisky, 10 half-pint bottles of whisky, four cases of half-pint whisky bottles, three one-gallon jugs, one dozen faucets and two funnels. The purpose of the search warrant proceedings and the search, as stated by the prosecuting attorney, was to discover and destroy contraband liquor.

On February 20, 1929, appellant was charged by grand jury indictment with the offense of having intoxicating liquor in his possession, in violation of §4 of the act of 1925 (Acts 1925 p. 144, §2717 Burns 1926). Thereafter, a trial, at which the evidence showed the above facts, resulted in a conviction. This appeal followed.

Overruling motion to quash indictment and overruling motion for new trial are the alleged errors properly assigned.

The indictment which, as stated, was returned February 20, 1929, charged that appellant "did then and there

on February 20, 1929, unlawfully possess intoxicating liquor," etc. It is urged by appellant that it does not appear from the indictment that the alleged offense had been committed prior to the return of the indictment; and that, therefore, the motion to quash the indictment on that ground should have been sustained. We do not concur in that view. The indictment does not charge facts which would show that the offense took place subsequent to the return thereof. The only reasonable interpretation is that the commission of the offense was prior to the return of the indictment.

Error is predicated upon the action of the trial court in admitting in evidence, over appellant's objection, the testimony of the officers as to the liquor found on appellant's premises as a result of the search, December 12, 1928. The objection to the testimony, when submitted, was that it did not tend to prove unlawful possession February 20, 1929, the date fixed by the indictment. It was not error to admit the testimony. It is provided by the code of criminal procedure of this state (§175 of Criminal Code, §2204 Burns 1926) that, except where time is the essence of the offense, "the precise time of the commission of the offense need not be stated in the indictment, . . . but it is sufficient if shown to have been within the statute of limitations." In the instant case, time is not the essence of the offense. See *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 837, and cases cited.

This cause was transferred to this court by the Supreme Court, to which the appeal had been taken. The appeal was to that court because, as claimed by appellant in his brief, the act of March 12, 1929 (Acts 1929, ch. 123, p. 428), placing the jurisdiction of misdemeanor prosecutions in the Appellate Court is unconstitutional. The action of the Supreme Court

in transferring the case is, so far as this court is concerned, conclusive as to the validity of the act and the jurisdiction of this court.

Affirmed.