KENTUCKY CENTRAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* WHITE.

[No. 16,119. Filed May 20, 1939. Rehearing denied May 23, 1939.]

Johnson, Zechiel & Johnson, for appellant.

Henry R. Wilson, Sr., E. N. Seeber and Henry R. Wilson, Jr., for appellee.

STEVENSON, P. J.—This is an appeal from a judgment wherein the appellee was awarded $350.00 after trial by jury. The complaint was on an insurance policy issued on the life of Katie Jackson, wherein the appellant company agreed to pay the sum of $329.00 to the appellee as beneficiary upon the death of the insured. The appellant by its second paragraph of answer contended that there had been a material misrepresentation of the state of health of the insured at the time the policy was delivered and that the cause of death was heart disease, which was one of the exceptions in the insurance contract which relieved from liability if death occurred within one year from the date of issuance.

The error assigned was the overruling of the appellant's motion for new trial. Under this assignment the

sufficiency of the evidence is challenged and error is alleged in the giving of certain instructions.

The appellant calls attention to a provision of the insurance contract which reads as follows:

"No obligation is assumed by the Company prior to the date hereof, nor unless this policy has been delivered in person and the first weekly premium paid, at which time the insured must be alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, or if the death of the insured results from any form of Tuberculosis, Chronic Bronchitis, Cancer, Paralysis, Apoplexy, Cerebral Hemorrhage, or any disease of the Heart, Liver or Kidneys within one year from the date of this policy, the policy shall become void and the Company will be liable only for the refund of the premiums paid hereon."

An examination of the evidence discloses that the insured had been suffering for many years from goitre. This goitre was externally visible to anyone with whom she conversed, and the agent of the appellant company who sold her the policy had an opportunity to observe or notice her physical condition. The insured stated in her application that she was in good health. The evidence disclosed further that the insured died on the 23rd of April, 1936, within less than one year from the date of the issuance of the policy, which was dated July 8, 1935. Evidence further discloses that death was caused by hyperthyroidism as stated in the death certificate. There was further testimony to the effect that such a disease of the thyroid eventually results in a degeneration of the heart muscles, which produces myocarditis, which is a fatty degeneration of the heart.

Under this state of the evidence the appellant contends that the evidence conclusively shows that the insured was not in sound health at the time the policy was issued to her and that she died from a disease of

the heart within one year from the date of the issuance of the policy.

Objections were made and exceptions were taken to the giving of instruction No. 2 as tendered by the appellee, which reads as follows:

"INSTRUCTION NO. 2: If the jury believes from the evidence that ———— Lewis was an agent of the defendant at the time of taking and soliciting the application of Katie Jackson, for a policy of insurance in defendant company, and that said agent was truly informed or by the use of ordinary diligence could have been informed, of the existence of a goitre on the said Katie Jackson, and that said defendant with such knowledge of its said agent issued and delivered the policy sued upon to Katie Jackson, it is for you to decide from the evidence whether or not the defendant waived that provision contained in said policy, which provision said defendant company seeks to set up as grounds of avoidance of said policy; and if you believe from the evidence that the said defendant company did waive said provision in said contract, it is now estopped from setting up a breach of such provisions as defense to this action."

As bearing upon this issue the court gave of its own motion Instruction No. 7, which, after quoting the provision of the contract as above set out, continued as follows:

"If you find from a preponderance of the evidence that at the time the application for said policy was made and before the delivery of said policy the deceased, Katie Jackson, was not in sound health and was at said time suffering from goitre and disease of the heart from which she died within less than a year after said policy was delivered, and that her death was caused by said goitre and resultant heart disease, and that the defendant was aware of such ailment and that after having knowledge, if you so find, that said Katie Jackson was suffering from goitre and resultant heart disease, and with such knowledge defendant, through its agent, collected the premiums thereafter falling due on said policy, and by and through its agent

encouraged the plaintiff to pay the premiums on said policy after having said knowledge of Katie Jackson's condition as aforesaid, and that the defendant company kept and retained said premiums on said policy under such conditions until after the death of said Katie Jackson, then I instruct you that you would be warranted in finding that the defendant company waived the terms and conditions of said policy respecting the health and disease of the said Katie Jackson, and, by accepting said premiums with such knowledge, then and there, estopped itself from defending this action on the grounds set out in defendant's affirmative paragraph of answer, and in such event, if you find that the plaintiff has proven all the other material allegations of his complaint, then I instruct you that your finding should be for the plaintiff."

The appellant excepted to the giving of this instruction also, and contends that these instructions are in conflict in that they purport to tell the jury that knowledge of the existence of the goitre also operates as a waiver of the provision with respect to death from heart disease.

With respect to instruction No. 2 above quoted, this court has held that ". . . an insurance company may waive conditions inserted in the policy for its benefit and that such waiver may be inferred from the conduct of its agents and representatives." *Prudential Insurance Company* v. *Bidwell* (1937), 103 Ind. App. 386, 396, 8 N. E. (2d) 123.

Instruction No. 2 informed the jury that if the policy of insurance was delivered to the insured at a time when she was suffering from a goitre and that the agent of the company had knowledge of such affliction or by the exercise of ordinary diligence could have obtained such knowledge, the delivery of the policy and the acceptance of the premiums might constitute a waiver of the provisions of the policy with respect to such defense. This is a correct statement of the law in so far as the same was directed to the provi-

sion of the policy which required that the insured must be alive and in sound health at the time of the issuance of the policy. Whether the instruction was too broad in attempting to include the defense of death from heart disease presents a difficult question.

The appellant further complains of both of the instructions above set out on the ground that there can be no waiver of the provisions of the policy which precludes liability if death occurs from heart disease within one year from the date of issuance. It can scarcely be doubted that there may be a valid stipulation in the policy wholly exempting the insurer from liability in case of death from some specified disease. Death from the excepted cause within the time fixed by the policy is a matter of defense and the burden is on the insurer to allege by answer and to prove by preponderance of the evidence the fact of death from the excepted cause within the time named. When so alleged and proved the defense is complete. *Redmen's Fraternal Accident Association of America* v. *Rippey* (1914), 181 Ind. 454, 104 N. E. 641, 14 R. C. L. 1225.

Instruction No. 7 informed the jury that if the policy was issued by the appellant with knowledge that the assured was suffering from goitre and heart disease and with such knowledge appellant continued to accept and retain premiums on said policy, the appellant company would be deemed to have waived the terms and conditions of the policy set up for their benefit and by accepting said premiums with such knowledge estopped itself from defending this action on the grounds set out in their affirmative paragraph of answer.

Under the issues in this case and under the facts as disclosed by the evidence, we feel that this instruction was erroneous. As we view this case there is no ground for contending that the appellant (defendant) is estopped from defending this action

on the basis of death from an excepted cause. No issue of estoppel is raised by the pleadings and the evidence fails to disclose that the insured changed her position in any manner in reliance upon anything said or done by the appellant.

As was said in the case of *Knights and Ladies of Columbia Insurance Order* v. *Shoaf et al.* (1906), 166 Ind. 367, 369, 77 N. E. 738, "Appellees can not therefore recover for death resulting from a cause expressly exempted by the terms of the contract, unless appellant has been guilty of such misleading conduct as ought to preclude it from receiving the benefit of its alleged defense. The reply must aver such facts and circumstances as constitute an estoppel *in pais* to make it sufficient to avoid the answer to which it is addressed."

The answer of the appellant alleges that the appellee died from heart disease within less than one year from the date of issuance of the policy. If this is true, the appellee never had any right of action for the death of the insured under the terms of the policy. The appellee does not contend that he did not have full knowledge of the terms of the policy, nor does he charge that either he or the insured were misled or deceived by the conduct of the appellant. Where the facts are equally known to both parties, there can be no estoppel. *Knights and Ladies of Columbia Ins. Order* v. *Shoaf et al., supra.*

The appellee contends and the court instructed the jury that if the appellant knew of the existence of the diseased heart of the insured at the time it issued the policy in suit, it waived the excepted provision by accepting the premiums.

We are unable to see how the settled rules under which it is held that a forfeiture or condition of for-

feiture may be waived applies here. What is insisted upon' is not really the waiver of a forfeiture or an equitable estoppel against insisting upon a condition of the policy. If Instruction No. 7 correctly states the law, its effect is not to prevent a forfeiture but to make a new contract and to radically change the terms of the policy so as to cover death from heart disease within one year when by its terms that is expressly excluded from the contract. We do not understand that the doctrine of estoppel or waiver goes that far. While a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel can not be successfully invoked to create a liability for benefits not contracted for at all. *McCoy* v. *North Western Mutual Relief Association* (1896), 92 Wis. 577, 66 N. W. 697, 42 L. R. A. 681.

As was said by the Supreme Court of Massachusetts in the case of *Palumbo* v. *Metropolitan Life Ins. Co.* (1935), (Mass.), 199 N. E. 335, 336: "But whatever may be the scope of waiver in the law of insurance, it does not extend to the broadening of the coverage, so as to make the policy cover a risk not within its terms. That would require a new contract, and cannot be accomplished by waiver."

We can not say upon what issue the jury based their verdict. They may have believed that the insured died from heart disease, yet the court instructed them that under certain conditions the appellant had waived such defense. We can not say that the instruction was harmless. For the error in giving such instruction, the judgment is accordingly reversed, and the court is ordered to sustain appellant's motion for new trial.

Judgment reversed.