POMERENKE *v.* THE NATIONAL LIFE AND ACCIDENT INSURANCE CO.

[No. 1267A105. Filed November 7, 1968. Rehearing denied December 5, 1968. Transfer denied June 4, 1969.]

*Jeanne S. Miller*, of New Haven, for appellant.

*Hunt, Suedhoff and Wilks*, of Fort Wayne, for appellee.

PFAFF, J.—Appellant brought this action against appellee insurance company to recover the proceeds of a life insurance contract on the life of Ruth A. Pomerenke, which contract is designated as a "Non-Participating Industrial

Policy" and in which appellant is named as beneficiary. Appellee filed an answer in admission and denial pursuant to Rule 1-3, Rules of the Supreme Court, and later filed a second paragraph of answer, to which appellant filed a reply, thereby closing the issues. Each party then filed a motion for summary judgment. Appellant's motion was overruled and appellee's motion was sustained. Judgment was entered that appellant take nothing by his cause of action.

Appellant's motion for a new trial was overruled and this ruling is assigned as error. This assignment is the only one of the assigned errors argued. While a motion for a new trial is not appropriate for raising error claimed by reason of the entry of a summary judgment, such motions are to be considered, in accordance with the provisions of Rule 2-6, Rules of the Supreme Court, as amended April 22, 1968, in all cases prior to the effective date of the amendment.

There was allegedly attached to appellee's motion as an exhibit thereto what purports to be an application for insurance, and which was neither sworn to nor certified. No supporting affidavits were filed with the motion.

Acts 1965, ch. 90, § 1, p. 126, § 2-2524(c), Burns' 1968 Repl., provides in part:

> "* * * The judgment sought shall be rendered forthwith if the pleadings * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Appellee contends, without citation of authority, that a motion for summary judgment is a "pleading" and that anything attached as an exhibit to the motion is a part of the pleading and is to be considered by the trial court, even though there is no attempt to comply with § 2-2524(e), Burns' 1968 Repl. We do not believe that the summary judgment statute uses the word "pleadings" in such a broad sense. Rather, we believe that the word refers to the statutory

definition of "pleadings" as contained in the Civil Code, that is, "The pleadings are formal allegations by the parties of their respective claims and defenses, for the judgment of the court." Acts 1881 (Spec. Sess.), ch. 38, § 81, p. 240, § 2-1001, Burns' 1967 Repl. It is further provided by Acts 1881 (Spec. Sess.), ch. 38, § 83, p. 240, § 2-1003, Burns' 1967 Repl., that:

> "The only pleadings allowed are:
>
>> "First. The complaint of the plaintiff.
>> "Second. The demurrer and answer of the defendant.
>> "Third. The demurrer and reply of the plaintiff."

We note some decisions under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., which is similar to our summary judgment statute, to the effect that in the absence of a motion to strike, or other objection, formal defects in an affidavit accompanying the motion may be waived. 3 Barron and Holtzoff, *Federal Practice and Procedure*, § 1237. In the present case there is more than a technical failure to comply with the statute. In *United States v. Tuteur*, 215 F. 2d 415, 417 (7th Cir. 1954), the Federal court stated:

> "There was attached to the motion as an exhibit what purports to be a transcript of testimony * * *.
>
> "This document is not sworn to in any way. It is not an affidavit. Respondent contends that it is not proper to consider it in support of the motion for summary judgment. We agree."

Similarly, we agree with appellant that it was not proper to consider the unverified exhibit filed with the motion in this case.

Appellee criticizes appellant's brief because it does not contain the entire policy upon which the complaint was based, but only parts of it. Relevant parts only of an insurance policy were set out in appellant's brief in *Motorists Mutual*

*Insurance Co. v. Johnson, Admrx.* (1964), 245 Ind. 315, 198 N. E. 2d 606. Our Supreme Court said:

"Certainly, Rule 2-17 does not contemplate the cluttering of a brief with the many sections of a contract such as this which have no relevancy or bearing on the issues involved."

While Rule 2-17 has been amended since that decision, there is nothing in the amended rule which would require such a cluttering of an appellant's brief.

Appellee argues that the trial court made a determination upon the facts before it that there was no waiver or estoppel and that this court is bound by such determination. However, the facts in this case are undisputed and appear from the admissions in the pleadings. This court is in as good a position as the trial court to determine the force and effect of these undisputed facts, and it is our responsibility to determine whether or not the facts support the finding and judgment of the trial court. *Indiana Bank & Trust Co. v. Lincoln Nat. Bank & Tr. Co.* (1965), 137 Ind. App. 546, 206 N. E. 2d 879 (transfer denied); *Gorby et al. v. McEndarfer* (1963), 135 Ind. App. 74, 191 N. E. 2d 786; *Cotner v. State* (1909), 173 Ind. 168, 89 N. E. 847; *General Asb. & Sup. Co. v. Aetna C. & S. Co.* (1935), 101 Ind. App. 207, 198 N. E. 813.

It appears from the admissions in the pleadings that on January 29, 1965, appellee "through its agent, Carl F. Heyneman, represented to Plaintiff and Ruth A. Pomerenke that said policy when issued would be in full force and effect, even though Ruth A. Pomerenke was not then in sound health." Appellee issued its policy on February 8, 1965. It is further alleged in the complaint and admitted by answer: "That on the 8th day of February, 1965, and prior to the issuance of said policy, Defendant, through its agent, Carl F. Heyneman, had knowledge that Ruth A. Pomerenke was not then in sound health, and that she was then suffering from an illness and that she was then hospitalized for this

illness at the St. Joseph Hospital, Fort Wayne, Indiana." It is further admitted that appellant and Ruth A. Pomerenke relied upon said representation and were induced by said representation to purchase said policy and pay the premiums, therefor. Appellee, in one paragraph of its answer, refers to a "material misrepresentation" on the part of the insured, but there is no allegation of any misrepresentation or fraud on either the part of the insured, appellant, or the agent. On August 2, 1965, Ruth A. Pomerenke met her death by accidental means. Weekly premiums were paid on the policy to the date of death.

The insurance policy issued contained the following provision:

> "Effective Date—This policy shall take effect on the Date of Issue, provided the Insured is then alive and in sound health, but not otherwise."

Appellee in its answer to the complaint sought to rescind the policy by reason of this statement contained therein.

No question is presented here by the facts pleaded as to the scope of the agency of the agent who made the representation and who knew of the illness at the time of the issuance of the policy. The complaint alleges and the answer admits the knowledge of the appellee company through its named agent.

The policy contained a further statement that, "No agent shall have the power or authority to waive, change or alter any of the terms or conditions of this policy, nor shall it be changed in any manner except by endorsement signed by the President or Secretary."

A provision that a policy should not take effect unless the insured is in good health on the date of issue is a provision made for the benefit of the insurance company and may be waived by it. *Mutual Life Ins. Co. v. Hoffman* (1921), 77 Ind. App. 209, 133 N. E. 405;

*Kentucky Cent. L. & A. Ins. Co. v. White* (1939), 106 Ind. App. 530, 19 N. E. 2d.872.

When an insurance company collects and continues to collect the premiums on a policy of insurance with knowledge, as appellee had here, that the insured was not in sound health at the time of the issuance of the policy, it waives the provision as to sound health and cannot avoid the policy on that ground. *Western, etc., Life Ins. Co. v. Ross, Admr.* (1930), 91 Ind. App. 552, 171 N. E. 212; *Metropolitan Life Ins. Co. v. Willis* (1906), 37 Ind. App. 48, 76 N. E. 560; *Mutual Life Ins. Co. v. Hoffman* (1921), 77 Ind. App. 209, 133 N. E. 405. Non-waiver clauses themselves, such as that contained in the policy here, may be waived. *Travelers Insurance Co. v. Eviston* (1941), 110 Ind. App. 143, 37 N. E. 2d 310; *Old Line Auto. Ins. v. Kuehl et al.* (1957), 127 Ind. App. 445, 141 N. E. 2d 858; 16 I. L. E., *Insurance,* § 263, p. 354.

The following language from *Ohio Farmers Ins. Co. v. Vogel* (1906), 166 Ind. 239, 245, 76 N. E. 977, seems appropriate:

> "There is nothing mysterious or peculiarly venerable about the ordinary insurance policy, with its long list of provisions and conditions of defeasance. All these, and singular, must be construed like similar provisions in other written instruments, upon sound and well-established principles—principles that support the integrity of the contract, and that forbid an insurer from taking the money of another for a policy which he knows at the time of delivery contains a provision which, under the facts, will enable him to avoid it, if a loss occurs. Such provisions in insurance policies have been before the courts a great many times, and so far as we have observed, courts have everywhere, in the absence of fraud, refused to enforce a condition of forfeiture in favor of an insurer who has knowledge of the condition broken when he delivered the policy."

The trial court in the instant case erred in entering a summary judgment for appellee.

The judgment is reversed with instructions to grant appellant's motion for summary judgment and to enter judgment accordingly.

Bierly and Smith, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 241 N. E. 2d 390.