**Byrdena WALLACE and Wanda Wallace Gomula, Plaintiffs-Appellants,**

v.

**INDIANA INSURANCE COMPANY, Defendant-Appellee.**

No. 1–781A211.

Court of Appeals of Indiana, First District.

Dec. 15, 1981.

David S. McCrea, McCrea & McCrea, Bloomington, for plaintiffs-appellants.

Don M. Robertson, Joseph D. O'Connor III, Bunger, Harrell & Robertson, Bloomington, for defendant-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellants Byrdena Wallace and Wanda Wallace Gomula (Wallace) appeal from a partial summary judgment as to Count I of their complaint entered in the Greene Circuit Court in favor of defendant-appellee Indiana Insurance Company (Insurer). In its brief, Insurer cross-appeals from the trial court's denial of its motion for summary judgment as to Counts II and III of Wallace's complaint.

We affirm.

## STATEMENT OF THE FACTS

Wallace's complaint is styled in three counts, each count representing a separate loss event under separate policies of insurance. Count I describes a fire which occurred on September 25, 1976, in rental property owned by Wallace located at 704 Dodge Street, West Lafayette, Indiana. Counts II and III involve losses from other insured property separate in time and place from the loss described under Count I. In her motion to correct errors, Wallace only alleges error as to the trial court's grant of a partial summary judgment on Count I of her complaint.

This is an appeal from Insurer's motion for summary judgment which was supported by affidavits. Wallace's responses to Insurer's motion did not contain verified exhibits supported by affidavits. The affidavits and verified material contained in Insurer's motion for summary judgment disclose that after the fire and sometime before October 18, 1976, Wallace met with one Mr. Don Vaught, Insurer's representative, at the site of the loss and discussed damage estimates. On October 18, 1976, Wallace submitted to Insurer an estimate for the damage to the real estate, but not personal property. On January 11, 1977, one Mr. William J. Hicks, a claims representative for Insurer, sent Wallace the following letter:

"Dear Mrs. Wallace:

Pursuant to our brief telephone conversation of 1–10–77, this letter is to advise that we have been attempting to have you prepare an itemized list of the contents which sustained damage, in the fire to your building, since the date of the loss. To date, you have failed to supply us with this information.

According to your insurance policy, you have an obligation to cooperate with us 100%, in the settlement of this loss. If you do not have a list of the damaged contents to me by January 31, 1977, I will have no alternative but to close my file, without payment.

I will be expecting your prompt attention and cooperation.

> Very truly yours,
> /s/ Wm. J. Hicks
> Wm. J. Hicks
> Claims Representative"

Wallace's policy with Insurer contains the following provisions in relevant part:

> "*Requirements in case loss occurs.* The insured shall give immediate written notice to this Company of any loss . . ., furnish a complete Inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; *and within sixty days after the loss, unless such time is extended in writing by this company a proof of loss, signed and sworn to by the insured* . . .
> *Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (Orig. emphasis)

On September 19, 1978, Insurer received a letter with enclosures from Wallace which contained an inventory of personal property loss. In its letter dated November 9, 1978, Insurer stated that it had "requested numerous times" that Wallace submit an inventory list as required by the policy and Wallace "failed to do so until nearly two years after this fire loss occurred." Insurer's letter then cited the policy provision limiting the time to file an action for recovery on any claim to twelve months from the date of the loss and requiring compliance with all policy conditions. Finally, the letter informed Wallace that she had not complied with the policy conditions, and therefore, her claim was being denied. As a result, Wallace instituted this cause of action on January 15, 1980.

### ISSUES

Wallace presents two issues for review which we restate as follows:

I. Did Wallace fail to comply with the policy conditions?

II. Did Insurer waive the policy condition limiting the time to file suit?

Insurer presents the following issue on cross-appeal in its brief:

III. Did the trial court err in denying Insurer's motion for summary judgment as to Counts II and III of Wallace's complaint?

### DISCUSSION AND DECISION

*Issue I.   Failure to comply with policy provision*

Wallace argues that she cooperated with Insurer in presenting her claim of loss by 1) travelling to the site of the loss to meet with Insurer's agent, 2) obtaining and submitting an estimate of the damage to her property, and 3) submitting an inventory of the damaged contents of the building within sixty days of the loss as her insurance policy required.

■ This is an appeal from a summary judgment. On reviewing a grant of summary judgment, we must determine whether there is any genuine issue of material fact and whether the law was correctly applied. Ind. Rules of Procedure, Trial Rule 56(C). The burden is on the movant for summary judgment to establish that no material facts are in genuine issue. In so doing, all doubts and reasonable inferences are to be resolved in favor of the opponent of summary judgment. *Smith v. P. & B. Corporation,* (1979) Ind.App., 386 N.E.2d 1232. The products of discovery must be liberally construed in the nonmoving party's favor. T.R. 56. On review, the Court of Appeals applies the same standard to the evidence as the trial court. *Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686; *Tekulve v. Turner,* (1979) Ind.App., 391 N.E.2d 673; *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640.

In its answers to interrogatories, Insurer stated that it had obtained two estimates

for the repair of the real estate and then answered:

"The defendant received a letter and enclosures from the plaintiff insured on September 19, 1978. This letter and enclosures was unintelligible and contained a mingled list of items of personal property and real estate damages."

Wallace's response to Insurer's motion for summary judgment, filed on October 31, 1980, included numerous unverified exhibits unsupported by affidavit. On November 7, 1980, the trial court, following a hearing on Insurer's motion for summary judgment, gave the parties an additional thirty days to file affidavits in support of or in opposition to the motion. On December 11, 1980, Wallace filed a Supplemental Memorandum in Opposition to Motion for Summary Judgment which again contained numerous exhibits unverified and unsupported by affidavit.

■ It is only when a motion for summary judgment is supported by an affidavit made on personal knowledge and setting forth facts admissible in evidence and affirmatively showing that an affiant is competent to testify to matters stated therein that an adverse party must respond by affidavits setting forth specific facts showing that there is a genuine issue for trial. *Podgorny, supra; Renn v. Davidson's Southport Lumber Co., Inc.*, (1973) 157 Ind.App. 446, 300 N.E.2d 682. When the moving party supports his motion for summary judgment by affidavits, the failure of the non-moving party to oppose the motion by counter-affidavits does not entitle the movant to summary judgment. The moving party must still demonstrate that summary judgment is appropriate. *Tekulve, supra; Smith, supra; Levy Company, Inc. v. State Board of Tax Commissioners*, (1977) 173 Ind.App. 667, 365 N.E.2d 796. However, where the content of the uncertified exhibits is materially in issue, said exhibits will be insufficient and consideration of them is improper. *Apple v. Apple*, (1971) 149 Ind.App. 529, 274 N.E.2d 402. Therefore, where the materials filed by the moving party do establish the lack of any genuine issue of material fact, it is incumbent upon the opposing party to file counter-affidavits. If he does not do so and upon the basis of the materials before the trial court the movant is entitled to judgment as a matter of law, summary judgment may be entered against him. *Letson v. Lowmaster*, (1976) 168 Ind.App. 159, 341 N.E.2d 785; *See Bell v. Horton*, (1980) Ind. App., 411 N.E.2d 648. An unsworn statement or unverified exhibit does not qualify as proper evidence. *Pomerenke v. National Life and Accident Insurance Co.*, (1968) 143 Ind.App. 472, 241 N.E.2d 390.

■ On two separate occasions Wallace submitted memoranda with unverified attachments unsupported by affidavits. Wallace relies upon these attached exhibits to prove she complied with the policy provision requiring her to submit a complete inventory to Insurer within sixty days of the loss. These exhibits are not sworn to in any way. They are not affidavits and Insurer contends it is improper for the trial court to consider them in opposition to its motion for summary judgment. We agree. *Bell, supra; Apple, supra; Pomerenke, supra.* We must consider as true all facts properly asserted by the non-movant in affidavits or by way of answers to interrogatories or admissions. *Podgorny, supra; Doe v. Barnett*, (1969) 145 Ind.App. 542, 251 N.E.2d 688. The evidence shows that it was not until September 19, 1978, that Wallace submitted an inventory list. Furthermore, as Insurer points out in its brief, Wallace failed to bring her suit within the one year limitation period provided for in the policy; Wallace filed this cause of action over three years after the loss. While not favored by the law, Indiana recognizes as valid contract provisions which limit the time to commence a suit. *Huff v. Travelers Indemnity Company*, (1977) 266 Ind. 414, 363 N.E.2d 985; *Schafer v. Buckeye Union Insurance Company*, (1979) Ind.App., 381 N.E.2d 519; *Statesman Insurance Company v. Reibly*, (1978) Ind.App., 371 N.E.2d 414.

Furthermore, policy requirements of written notice and verified proof of loss are valid. *Huff, supra.*

■ Even assuming, *arguendo*, that Insurer's letter of January 11, 1977, extended the deadline until January 31, 1977, for Wallace to submit an inventory of damaged property, she would lose her right to bring suit for recovery on the claim after January 31, 1978. Here, Wallace did not file her action against Insurer until January 15, 1980, nearly three years later. Therefore, we hold that Wallace failed to comply with the policy provision by failing to timely commence her action against Insurer and timely submit an inventory list.

## Issue II.  Waiver of policy conditions

Wallace next argues that Insurer waived the one year contractual limitation to bring suit. She contends that Insurer's agent had discussed damage estimates with her and Insurer had obtained estimates on the damage to her real estate. Therefore, Wallace argues, Insurer conducted itself in such a manner that she reasonably believed the limitation period would not be insisted upon.

■ It is well settled that an insurer may waive a contractual provision which limits the time within which a suit may be brought. *Statesman Insurance Company, supra.* However, the conduct or acts on the part of the insurer or its authorized agent must be sufficient to justify a reasonable belief on the part of the insured that the company will not insist on compliance with the policy provisions. *Huff, supra.* Nevertheless, it is the duty of insurers, pending consideration of proof of loss, to bear themselves with all good faith towards a claimant, and if they are dissatisfied with proof furnished, they ought to make known to the insured the fact and nature of these demands without unnecessary delay, or else the requirements of written notice and verified proofs of loss may be waived. *Huff, supra.*

■ The evidence discloses that Insurer, in its letter of January 11, 1977, informed Wallace that she had failed to submit a verified and itemized list of the damaged contents and that if she did not submit one by January 31, 1977, her claim would be denied without payment. Subsequently, Insurer's letter of April 4, 1977, notified Wallace that it was closing her file without payment because of her failure to submit a verified inventory list. One and one-half years later, on September 19, 1978, Wallace provided Insurer with an inventory list; the Insurer thereafter denied liability in writing. Wallace's September 19, 1978, letter represented the first communication to Insurer following its April 4, 1977, letter denying her claim. Eighteen months of inexplicable silence on the part of Wallace after her claim had been denied is certainly not evidence from which we could infer that Insurer had reasonably led Wallace to believe the limitation periods in the contract would not be insisted upon. Construing the record liberally in favor of Wallace, the nonmoving party, we are unable to conclude the Insurer or its agents formed a relationship with Wallace or acted toward Wallace in such a manner as to cause Wallace to reasonably believe that formal proof of loss as provided under the policy would not be required. *See Huff, supra.* Clearly, Insurer did not waive its policy limitations regarding proof of loss and the time for bringing suits, and thus we hold.

## Issue III.  Cross-appeal by Insurer

■ In its brief, Insurer for the first time presents this court assignments of errors concerning the trial judge's denial of its summary judgment motion as to Counts II and III of Wallace's complaint. A party for whom judgment ostensibly is rendered must express dissatisfaction with that, by filing a motion to correct errors pursuant to Ind.Rules of Procedure, Trial Rule 59(C) in order to preserve cross-errors on appeal. *State ex rel. Sacks Brothers Loan Co., Inc. v. DeBard,* (1978) Ind.App., 381 N.E.2d 119.

Errors raised for the first time in a party's appellate brief and not previously set out in a motion to correct errors are waived. *Kasten v. Sims Motor Transport*, (1975) 166 Ind.App. 117, 333 N.E.2d 906; *Pope v. Marion County Sheriff's Merit Board*, (1973) 157 Ind.App. 636, 301 N.E.2d 386.

■ In her motion to correct errors, the only one filed in this case, Wallace moved the trial court to set aside its partial summary judgment as to Count I of her complaint. That was the only alleged error of which the trial court was apprised. Assuming, *arguendo*, that Insurer had filed a motion to correct errors, an order denying a motion for summary judgment is not an appealable interlocutory order in the absence of any certificate from the trial judge. T.R. 56; *Southern Indiana Rural Electric Cooperative, Inc. v. Civil City of Tell City, Perry County*, (1979) Ind.App., 384 N.E.2d 1145; *Kasten, supra; Pitts v. Wooldridge*, (1974) 161 Ind.App. 404, 315 N.E.2d 736. Ordinarily, the denial of a summary judgment motion is not an appealable interlocutory order unless the trial court expressly determines that there is not just reason for delay and directs entry of a final judgment as to less than all the issues. *Kasten, supra; Federal Insurance Company v. Liberty Mutual Insurance Company*, (1974) 162 Ind.App. 242, 319 N.E.2d 171.

■ In the case at bar, Insurer did not file a motion to correct errors and now challenges for the first time the propriety of the trial court's denial of its summary judgment motion as to Counts II and III of the complaint. This the Insurer may not do, and pursuant to our Rules of Appellate Procedure any alleged errors have been waived.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.