THACKER ET AL. *v.* BUTLER, ADMINISTRATOR ETC., ET AL.

[No. 19,606. Filed September 5, 1962. Rehearing denied
October 24, 1962. Transfer denied March 7, 1963, with
dissenting opinion reported in 188 N. E. 2d 418.]

*Grafton J. Kivett,* of Martinsville and *Albert W. Ewbank,* of Indianapolis, for appellants.

*Gilbert W. Butler,* of Martinsville, for appellees.

Cooper, P. J.—This matter comes to us from the Morgan Circuit Court wherein Gilbert W. Butler, Administrator of the Estate of Oscar A. Thacker, deceased, and others, filed a petition to determine the heirs of said decedent.

It appears after the proper issues were made and the cause being submitted to the trial court for final determination, the court entered the following findings and judgment:

"1. That Oscar Thacker died intestate December 1, 1959, a resident of Morgan County, Indiana.

"2. That at the time of his death, he was survived by Orville Thacker whom he had acknowledged to be his natural child long prior to January 1, 1954 and with whom he stood in the mutually acknowledged relationship of parent and child.

"That said Orville Thacker is the only child of the deceased and that said deceased was not survived by a widow nor surviving parents.

"It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the deceased left surviving him his son Orville Thacker as his sole and only heir at law who by intestate suc-

cession is entitled to inherit the entire balance of said estate for distribution.

"The Court further finds that the brother, sister, and half brothers and sisters of the deceased are, therefore, not entitled to share in his estate, all of which is ORDERED AND DECREED by the Court this 18 day of August, 1960."

Thereafter, the appellants herein filed their motion for a new trial, containing only two specifications, namely:

"1. The decision of the court is not sustained by sufficient evidence;

"2. The decision of the court is contrary to law."

Said motion for new trial being overruled, this appeal followed.

The evidence is without conflict and presents to us for determination solely a question of law, namely, the construction and interpretation to be given to the new Probate Code relating to the statute providing for inheritance by illegitimate children who were acknowledged prior to passage of the new Code.

In reviewing our statutes, we find §6-207, Burns' 1953 Repl., provides as follows:

"6-207. Illegitimate children. — (a) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the ligitimate child of his mother, so that he and his issue shall inherit from his mother and from his maternal kindred, both descendants and collaterals, in all degrees, and they may inherit from him. Such child shall also be treated the same as if he were a legitimate child of his mother for the purpose of determining homestead rights, and the making of family allowances.

"(b) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his father, if but only if, (1) the paternity of such child has been established by law, during the father's lifetime; or (2) if the putative father marries the mother of the child and acknowledges the child to be his own.

"The testimony of the mother may be received in evidence to establish such paternity and acknowledgment but no judgment shall be made upon the evidence of the mother alone. The evidence of the mother must be supported by corroborative evidence or circumstances.

"When such paternity is established as provided herein such child shall be treated the same as if he were the legitimate child of his father, so that he and his issue shall inherit from his father and from his paternal kindred, both descendants and collateral, in all degrees, and they may inherit from him. Such child shall also be treated the same as if he were a legitimate child of his father for the purpose of determining homestead rights, and the making of family allowances."

The appellant concedes in his brief that if the decedent had died prior to the enactment of the 1953 Probate Code, the said illegitimate child would have inherited by reason of the acknowledgement of the father during his lifetime under §6-2309, Burns' 1933 Repl., old Probate Code.

Under our law, we are compelled to agree with the appellants' contention that the right of inheritance of an illegitimate child must be determined under the conditions of §6-207, Burns' 1953 Repl. of the present Probate Code, which was in full force and effect at the time of decedent's death.

It is the appellees' contention, and it was apparently the trial court's contention, that the said Or-

ville Thacker's status as the acknowledged child of Oscar Thacker became vested upon the mutual acknowledged relationship of parent and child and by reason of said acknowledgment, the said Orville Thacker was the only child of said decedent as the deceased was not survived by a widow or surviving parents; that the said Orville Thacker was the decedent's only heir-at-law who by intestate succession is entitled to inherit the decedent's estate and that his right of inheritance which he had by virtue of the said acknowledgment cannot be changed by any subsequent act and/or acts of the legislature, and further that §6-102, Burns' 1953 Repl. provides, among other things: ". . . no accrued right shall be impaired by its provisions."

We cannot agree with the foregoing contentions in this because our Supreme Court, in the recent case of *Scott* v. *Scott, Admrx. et al.* (1958), 238 Ind. 474, at 480, 150 N. E. 2d 740, held, in substance, that a child at the time of his birth does not have a vested right in the estate of his parent who was then living, as it is well established under the common law and statutory law of this state that although children may become heirs on the death of their parent, they do not have a vested interest as such children in the property during the parent's lifetime, but may be disinherited. See *Nesbitt* v. *Trindle et al.* (1878), 64 Ind. 183, 187.

Although the Scott case, *supra*, was an adoption case, the general principle of law announced would also apply in the case now before us.

The court further stated in the Scott case, *supra*, at 481:

"We are unable to see how appellant had either a vested or accrued interest in the estate

of his natural father at the time of appellant's birth as he had only an expectancy therein which was dependent on the law in force at the time of such father's death. See: *Brown Executor et al.* v. *Critchell et al.* (1887), *supra,* 110 Ind. 31, 41, 11 N. E. 486, in which the rule is stated as follows:

> " ' . . . *all the property of a deceased person descends, or is otherwise disposed of, according to the law in force at the time of his death, . . .*'

"And see: *Morin* v. *Holliday* (1906), 39 Ind. App. 201, 208, 77 N. E. 861, 862, in which it is stated:

> " ' . . . upon the death of an ancestor an 'heir,' . . . is always appointed by law. The title is called into existence by the death of an ancestor, *and its rights are governed by the law in force at the time of such death.* . . . It being within the province of the legislature to determine the rules of inheritance . . . it (the legislature) may provide, . . . as to who shall be heirs . . .'" (Our emphasis)

It appears under the foregoing authority that the averred so called vested interest of the acknowledged illegitimate child involved in this appeal was necessarily contingent upon his survivorship of the decedent and further right of the decedent to dispose of his property by will and also the law applicable to intestate succession by illegitimates in force and effect at the time of the said decedent's death.

We believe the general rule of law is well stated in the case of *Townsend* v. *Meneley* (1905) (T. D. 1906), 37 Ind. App. 127 at 137, 74 N. E. 274, as follows:

> " 'No one has any vested rights in his ancestor's property until the latter's death. He may not survive the ancestor. The ancestor may dispose of the property by will, or the law of

succession may be changed before his title becomes vested. . . .' "

The claimed *vested right* of the appellee as an acknowledged child of the decedent was not one in his possession, but at law, a mere expectancy, should the father die intestate and only then, under the law in force and effect at the time of decedent's death applicable to inheritance by illegitimate children under §6-207, Burns' 1953 Repl., *supra*. Furthermore, our Supreme Court has defined a vested right as follows: "To be such absolute vested right, in a legal sense, the right must be complete and consummated, and one of which the person to whom it belongs cannot be divested without his consent. A defeasible right is never, in a strict sense, a vested right." See *McKinney* v. *Depoy* (1938), 213 Ind. 361, 369, 12 N. E. 2d 250.

We find sub-section (b) of §6-207, Burns' 1953 Repl., *supra*, provides:

"(b) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his father, if but only if, (1) *the paternity of such child has been established by law, during the father's lifetime; or* (2) *if the putative father marries the mother of the child and acknowledges the child to be his own.*" (Our emphasis)

We believe it was the intent of the legislature by the use of the phrase, "establish by law," in Item 1 of the above-quoted subsection (b) to mean that the paternity of such child must be first determined in a judicial proceeding brought for that purpose in a court of law having jurisdiction to determine such issue, during the lifetime of the

putative father, in order for an illegitimate child to inherit from such father. Acknowledgment alone no matter how positive or often is not sufficient under our present law.

It affirmatively appears in the record by the stipulation of the parties that the decedent and the mother of the illegitimate child were never married; also, that no legal determination of the parentage of said illegitimate child was ever determined by judicial proceedings whereby the appellee ever established his paternity by law, as required by §6-207, subsection (b), Burns', *supra*, in order that he could inherit as an illegitimate child of an intestate decedent under the present Probate Code.

Because of what we have heretofore stated, the judgment of the trial court is contrary to law and this cause is remanded with instructions for the trial court to grant the appellant's motion for a new trial.

Ax, Myers, and Ryan, JJ., concur.

NOTE.—Reported in 184 N. E. 2d 897. Transfer denied, Achor, acting C. J., Myers, J., not participating, Jackson, C. J., dissents with opinion reported in 188 N. E. 2d 418.