WITT v. SCHULTZ ET AL., ADMINISTRATORS, ETC.

[No. 20,423. Filed June 13, 1966.]

*Hodges, Davis, Gruenberg & Draper,* of Gary, for appellant.

*John J. Delworth, Jr., Jesse A. Brown,* and *Brown & Brown,* of Rochester, for appellees.

WICKENS, P. J.—In an action to determine heirship, appellant, Walter Witt, filed a petition asserting that he was the son and only heir-at-law of William Schumacher who had predeceased his brother Carl Schumacher. Thus appellant contends he is entitled to inherit from his now deceased uncle through his supposed father.

The facts disclose that appellant was an illegitimate child of Clara Witt Schumacher. One month subsequent to appellant's birth a marriage was entered into between appellant's mother and said William. At the same time and place as the marriage ceremony, appellant was baptized.

Two statutory means by which this petitioner may be entitled to be treated as a legitimate child of the father for purposes of inheritance only, are contained in the Indiana Probate Code. The pertinent provision provides that:

"(b) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his father, if but only if, (1) the paternity of such child has been established by law, during the father's lifetime; or (2) if the putative father marries the mother of the child and acknowledges the child to be his own.

"The testimony of the mother may be received in evidence to establish such paternity and acknowledgment but no judgment shall be made upon the evidence of the mother alone. The evidence of the mother must be supported by corroborative evidence or circumstances." Acts 1953, ch. 112, § 207, p. 295, § 6-207 Burns' 1953 Replacement.

No contention was made that appellant's paternity was ever established by law during William Schumacher's lifetime. Appellant confined the establishment of his paternity

to the alternative set forth under § 6-207 (b) (2) Burns', *supra*. The principal witness for appellant was his mother who did in fact show there was the marriage between her and the putative father.

The general judgment rendered against appellant is interpreted to mean that the trial court did not find the evidence sufficient to establish that the putative father admitted, confessed or avowed that appellant was his child. The statutory section quoted requires absolute acknowledgment to entitle appellant to inherit, where paternity was not established by law.

The only real issue tendered to the trial court was acknowledgment. The facts presented to the trial court and argued here by appellant, relate to possible paternity rather than to acknowledgment. Such evidence as might lead us to surmise that appellant could be the child of William Schumacher is not adequate to authorize this court to substitute its judgment for that of the trier of facts where the issue was admission of paternity.

The sole specification of error is that the trial court's decision was contrary to law. The decision of the trial court may be set aside as being contrary to law only where the evidence is without conflict and can lead to but one conclusion and the trial court has reached an opposite conclusion. *Pokraka* v. *Lummus Co.* (1951), 230 Ind. 523, 532, 104 N. E. 2d 669.

On appeal this tribunal may not weigh the evidence but we look only to that evidence and the reasonable inferences therefrom most favorable to appellee.

Based upon these two hypotheses, we hold that reasonable minded men would not have arrived at a decision contrary to that of the trial court. Therefore since the decision of the trial court is not contrary to law, it is hereby affirmed.

Carson, Faulconer, Prime, JJ., concur.

NOTE.—Reported in 217 N. E. 2d 163.