Sharon SCHULTZ a/k/a Sharon Schultz Trask, for and on behalf of Diana Lynn Trask, a minor,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare.

No. 3973.

United States District Court
N. D. Indiana,
Hammond Division.
July 29, 1967.

George McCain, Gary, Ind., for plaintiff.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for defendant.

### MEMORANDUM

BEAMER, District Judge.

This is a suit to review a final decision of the Secretary, denying the plaintiff's claim on behalf of her daughter for child's insurance benefits under Section 202(d) of the Social Security Act, 42 U.S.C. § 402(d).

The only issue before the Court is whether the Secretary was correct in determining that plaintiff's daughter did not have the status of a "child" relative to inheritance of the deceased wage earner's intestate personal property under the law of the State where the wage earner did as required by 42 U.S.C. § 416(h) (2).

This is an action to recover child's insurance benefits.

Title 42 U.S.C. § 402(d) (1) concerns child's insurance benefits and provides in pertinent part:

"Every child (as defined in 42 U.S.C. § 416(e)) * * * of an individual who dies as a fully insured individual * * * shall be entitled to child's insurance benefit".

Title 42 U.S.C. § 416(e) provides:

"The term 'child' means, (1) the child or legally adopted child of an individual * * *"

Title 42 U.S.C. § 416(h) (2) (A) provides:

"In determining whether an applicant is a child * * * for purposes of this title, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property * * * if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death * * *. Applicants who according to such law would have the same status relative to taking intestate personal property as a child * * * shall be deemed such".

The wage earner in this case was Martin Trask, Jr., who died July 22, 1962, as a result of an auto collision, while domiciled in Indiana. Martin Trask and Sharon Schultz, plaintiff herein, were never married ceremonially. They started seeing each other, according to the transcript, in June, 1961. In September, 1961, they took a trip to California "to elope and get married." They lived together while in California but never actually married. They then came back to Indiana and lived together until Martin's death in July, 1962. Diana Trask, for whose benefit this action is brought, was born about three months after his death, in October, 1962.

On December 18, 1962, a petition was filed in the Juvenile Court of Lake County to establish the paternity of Diana Lynn Trask and the Court entered judgment on the same date declaring Martin Trask to be the father of Diana.

Theodore Schultz, plaintiff's father and administrator of Martin Trask's estate filed a petition in Lake Superior Court for a determination of heirship and an order was entered in the probate proceedings dated June 9, 1964. The order states in part as follows:

"That the paternity of Diana Lynn Trask has been established as required under Burns 6–207; that Diana Lynn Trask is the child of Martin L. Trask and entitled to inherit from her father, the aforementioned Martin L. Trask, deceased; and that said child is the sole heir of Martin L. Trask."

Martin L. Trask's estate had no assets.

Plaintiff argues that the Secretary and this Court are bound by the decision entered in the probate court determining that Diana Trask was the child and sole heir of decedent. Plaintiff's argument, in this respect, is apparently two-fold. Plaintiff contends the probate court determination is conclusive and binding under the doctrines of res judicata and under the full faith and credit clause of the Constitution. Secondly, plaintiff contends that the probate court's decision is binding on this court under the Erie doctrine under principles of stare decisis. Plaintiff also contended at the hearing before the Secretary that Sharon Schultz and the decedent had entered into a valid common law marriage.

Defendant contends that there was no valid common law marriage nor could there be since such marriages are outlawed by statute in this state. Defendant further contends that the Secretary and this Court are not bound by the probate court decision establishing Diana Trask as sole heir of the decedent.

■ As far as common law marriage is concerned, it is quite clear from the transcript that no common law marriage existed in this case. Burns 44–111, effective January 1, 1958, provides:

"All marriages known as 'common law' marriages entered into subsequent to the effective date of this Act shall be and the same are hereby declared null and void."

Sharon Schultz testified that her "relationship" with the decedent commenced in June, 1961. Their "elopement" occurred in September, 1961. Therefore, it is clear that no valid common law marriage could have resulted. Plaintiff argued below that the case of In Re Sutherland's Estate, 195 N.E.2d 778 (Ind.App.1964) validated common law marriages despite Burns 44–111. This contention is without merit for the *Sutherland* case merely held that a common law marriage contracted prior to the effective date of the above statute was valid. Finally, even without considering the above statute, the evidence below clearly shows that the inception of the relationship below was purely sexual and that neither party ever considered himself married. Everything was in futuro rather than in praesenti. They planned to get married in the future but never did.

Plaintiff's primary contention is that the probate court order establishing Diana Trask as sole heir of decedent must be recognized in these proceedings. Plaintiff argues in the first instance that this order is conclusive under the full faith and credit clause of the Constitution. Plaintiff asserts that the Social Security Administration received "proper notice" under Burns 6–606 and is therefore bound by the probate court determination and may appeal the probate court determination by virtue of Burns 6–606.

Plaintiff is in error for several reasons. Burns 6–606 relates to the procedure for determining heirship and states in pertinent part as follows:

"(d) The decree of the Court (determining heirship) shall be conclusive of the facts determining therein *on any interested person who has been notified personally or by mail* in accordance with the provisions of this code, subject to the right of appeal." (Emphasis added).

Subsection (a) provides as follows:

"Upon the filing of the petition the court shall fix the time of hearing thereof, notice of which shall be given to all persons known or believed to claim or have any interest in the estate or any part thereof *as heir or through an heir of the decedent.* In addition, notice by publication shall be given to all unknown heirs." (Emphasis added).

■■ Plaintiff states in its brief at page 3, that the Social Security Administration received notice of the *order* of the probate court determining Diana to be the sole heir. Obviously this does not comply with the *notice of hearing* requirement noted above. Furthermore, the Social Security Administration is obviously not a "person having an interest in the estate as heir or through an heir of decedent." Therefore, the probate court determination is not conclusive even under Indiana Law.

■ Nor is the probate court determination conclusive under the full faith and credit clause or under principles of res judicata as enunciated in the case law which has evolved in connection with claims for Social Security benefits. Plaintiff attempts to distinguish two of the cases cited by the government which state that ex parte probate court orders are not binding upon the Secretary. See Patten v. Fleming, CCH UIR Vol. 1A, Fed.Para. 8985 (D.C.Conn.1960); Miller v. Ribicoff, 198 F.Supp. 819 (D.C.Mich. 1961). Plaintiff distinguishes these cases on the ground that they did not involve an order by a probate court of record as in the instant case nor did they involve a probate court order entered in the state where the decedent was domiciled applying the law of the state of domicile. However, plaintiff does not even attempt to distinguish the cases of

Marek v. Fleming, 192 F.Supp. 528 (D. Tex.1961) and Nigro v. Hobby, 120 F. Supp. 16 (D.Neb.1954). In the *Marek* case, claimant contended that a state probate court order was entitled to full faith and credit where the probate court had found claimant to be the widow of the deceased wage earner. The case holds that the probate court order was not entitled to full faith and credit and the following appears 192 F.Supp. at page 533:

"Such orders, however, are in no way controlling in the present proceedings. The Secretary-defendant neither was, nor could he properly have been a party to the Probate Court proceedings. The Secretary had no opportunity in those Arkansas proceedings to contest claimant's statement that she was wage earner's lawful widow. Manifestly, the Secretary is not bound by such an ex parte, incidental finding."

The *Nigro* case involved the issue of whether a finding by a state probate court as to the time of death of wage earner was binding upon the Secretary. The Court stated:

"The finding of the probate court does not under the principles of res judicata or collateral estoppel prevent the issue of the time of the decedent's death from being considered and determined by the administrator in this action. The Secretary was not a party to the Nebraska probate proceedings *and the money sought to be recovered in this action was not part of the res* over which the probate court exercised jurisdiction." (Citations omitted.)

"The cases of Fennell v. United States, 67 F.2d 768 (5th Cir. 1933) and Ramsey v. United States, 5 Cir., 61 F.2d 644 also support the government on this issue. So do the U. S. Supreme Court cases of Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895); May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953) and Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940) for these cases indicate that a judgment against a non-party rendered without jurisdiction over the subject matter is not binding as against such party.

Plaintiff also contends that the state probate court order is in accord with Indiana Law and is binding on this court as a precedent and application of Indiana law by a court of this state. As a precedent the "order" is of little value since it appears to have been rendered in a non-adversarial proceeding. The order (Exhibit B) states that the paternity of Diana Trask has been established as required under Burns 6–207.

Burns 6–207 deals with the rights of illegitimate children as to intestate property. It should be noted that this is also the criterion for determining whether a claimant is a "child" entitled to child's insurance benefits under the Social Security Act. Burns 6–207 provides in pertinent part as follows:

"(b) For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his father, *if but only if,* (1) the paternity of such child has been established by law, *during* the father's *lifetime*; or (2) if the putative father marries the mother of the child and acknowledges the child to be his own. The testimony of the mother may be received in evidence to establish such paternity and acknowledgment but no judgment shall be made upon the evidence of the mother alone. The evidence of the mother must be supported by corroborative evidence or circumstances." (Emphasis added.)

The commission comments to this section quite clearly indicates that an illegitimate child may inherit from his father only if the above *two* enumerated conditions are met. The case of Thacker v. Butler, 134 Ind.App. 376, 184 N.E.2d 894 (1962) also is quite clear that these are the only two ways an illegitimate child can inherit.

In the case at bar, neither of these conditions has been fulfilled. Sharon Schultz never married decedent so condition two is not applicable. Nor was the

paternity of Diana Trask established during the lifetime of the decedent. This is the law of Indiana as unequivocally stated in the statute and cases. Therefore, the probate court order below is certainly not binding as a precedent in this case.

Plaintiff does argue that Burns 3–639 should be read in pari materia with Burns 6–207. Burns 3–639 relates to suits by children born out of wedlock against a putative father to obtain support, care, and maintenance. Burns 3–639 provides that if the defendant putative father dies after the filing of the complaint the action may still be maintained against the putative father's estate and that no judgment may be rendered on the basis of the mother's testimony alone.

Plaintiff argues that if paternity is established under 3–639, this is sufficient under Burns 6–207 if one reads the statutes together. Again, plaintiff is in error. Burns 3–639 has nothing to do with inheritance rights. To do what plaintiff asks would be to erase the first requirement under Burns 6–207 which does deal with inheritance rights and does require the paternity to be established during the lifetime of the father. There is a very obvious reason why the inheritance statute differs from the paternity statute in this respect. If an illegitimate child can wait until after the death of the putative father to establish his inheritance rights, this would work havoc on the administration of estates for those heirs whose rights are determined as of the death of decedent would be subjected to either delay or a later claim by the illegitimate child who later establishes paternity.

One additional point should be noted: Not even Burns 3–639 was complied with here for the complaint to establish paternity was not filed before the death of decedent since the child had not even been born at the time of decedent's death. The paternity action under 3–639 only survives if the defendant putative father dies *after* the filing of the complaint.

Plaintiff cites the case of Block v. Ewing, D.C., 105 F.Supp. 25 (1952) and urges that said case is controlling here. However, without passing upon the merits of that decision, it is sufficient to note that it was based upon statutes and case law peculiar to New York and involved a totally different factual situation than the case at bar.

For these reasons, this Court is compelled to affirm the decision of the Secretary. The Court feels that Title 42 U.S.C. § 416(h) (2) (A) which defines "child" for social security purposes by references to the intestate personal property law of the state of domicile of the insured at his death is an unfortunate and unfair provision. Although citizens of the various states are required to make payments into a common fund, whether or not the child of such a contributor is entitled to benefits still depends upon local law. Nation-wide uniform social security payment requirements should logically result in nation-wide uniform criteria for the distribution of a child's social security benefits. However, since the wisdom and fairness of this provision is not for this Court to decide, the decision of the Secretary must be affirmed.