IN RE THE ESTATE OF CONRAD FUDGE TYNES, JR., JAMES F. TYNES *v.* JOHN E. NEWBY, ADMINISTRATOR OF THE ESTATE OF CONRAD FUDGE TYNES, JR., AND NANCY TYNES LEVY.

[No. 3-873A104. Filed September 4, 1974.]

*J. Patrick Smith, Paul J. Baldoni, Smith and Smith,* of LaPorte, for appellant.

*Gene M. Jones, Newby, Lewis, Kaminski & Jones,* of La-Porte, *Roland Obenchain, Jr., Jones, Obenchain, Johnson, Ford, Pankow & Link,* of South Bend, for appellees.

HOFFMAN, C.J.—This is an appeal by appellant James F. Tynes (James) from a negative judgment on James' petition to determine heirship in the estate of Conrad Fudge Tynes, Jr. (Conrad).

Conrad died intestate on October 20, 1967. Letters of administration were issued to appellee Nancy Tynes Levy (Levy), Conrad's sister. On October 15, 1968, James filed "Objections to Final Account, Petition to Settle and Allow Account, and Petition to Determine Heirship" alleging that he is the son and sole heir of decedent, Conrad Fudge Tynes, Jr. A pre-trial order limited the trial court to the issue of

whether James is the son of Conrad. Following a bench trial, the trial court found that James is not the son and heir-at-law of Conrad and, accordingly, entered judgment for decedent's estate and against James. James' motion to correct errors was subsequently overruled and this appeal followed.

The sole issue presented for review is whether the finding and judgment of the trial court that James is not the son and heir-at-law of Conrad is contrary to all of the evidence and, therefore, contrary to law.

The record discloses that Conrad and Elizabeth Mitchell (Elizabeth) were married on August 15, 1936. James was born on April 10, 1938, in Stone, Kentucky. Conrad and Elizabeth resided in Stone, Kentucky, from the time of their marriage until about 1941. James lived with Conrad and Elizabeth from the date of his birth until a time when Conrad became ill. In 1941, Conrad, Elizabeth and James moved to LaPorte, Indiana. On July 5, 1945, Conrad was adjudged insane and committed to Longcliff State Hospital in Logansport, Indiana, where he remained until his death on October 20, 1967. On October 25, 1952, Elizabeth was granted a divorce from Conrad. She later married Kenneth Carney and continues to reside in LaPorte, Indiana, with James.

At stake in this action is approximately $90,000 in stocks inherited in 1955 by Conrad from his Uncle Buford Tynes.

James testified by deposition introduced at trial concerning his memory of living with Conrad and Elizabeth and his knowledge of their brothers and sisters which he referred to as his aunts and uncles. In support of his contention that Conrad was his father, James also introduced three documents:

1. A certified copy of a delayed birth record from the State of Kentucky showing Elizabeth to be James' mother and Conrad to be his father. The record states that it was issued on September 8, 1943, on the basis of affidavits of Elizabeth and L. R. Branson, a friend of Elizabeth's family.

2. A certified copy of the record of the United States Department of Commerce, Bureau of the Census, for the year 1940 for Stone, Kentucky, showing the family of C. F. Jr., and Elizabeth Tynes to consist of a son James Frederick Tynes, age 2.

3. The LaPorte Community School records of James Frederick Tynes listing Conrad F. Tynes as James' father and Elizabeth as his mother.

The evidence presented by James at trial further consisted of the testimony of Thomas Mitchell, a brother of Elizabeth, who stated that he was James' uncle; that he had visited Conrad and Elizabeth during April of 1938 and that Conrad, at the time, referred to James as his "big boy."

In opposition of James' petition, John R. Rallet testified that he was living in Stone, Kentucky, during 1938, and that he resided in one-half of a double house, the other half of which was occupied by Conrad and Elizabeth. Rallet stated that during 1938 Dorothy Mitchell stayed with Conrad and Elizabeth; that she appeared to be pregnant; and that a baby was born in the house during her stay. The day after the baby was born, he observed that Dorothy was no longer pregnant and was in bed with the baby. He further testified that Dorothy departed soon after the male child, called "Jimmy", was born and that Conrad and Elizabeth kept "Jimmy." L. R. Branson testified by deposition that he had not made an affidavit stating that Elizabeth and Conrad were James' parents; that he knew that James was the child of Elizabeth's sister Dorothy, and that Dorothy had given the child to the Tynes to raise. Virginia Rengers' deposition testimony disclosed that she was acquainted with Conrad and Elizabeth when they were living in Stone, Kentucky; that she saw Elizabeth every day at work and that Elizabeth never appeared to be pregnant. Nancy T. Levy testified by deposition that the Tynes had informed her that Elizabeth's sister was pregnant and was staying with them until the baby was born. Levy further testified that the baby was named James Frederick. Elizabeth did not testify.

Appellant contends that he has established that he is the legitimate son of Elizabeth and the decedent, Conrad, and that it was incumbent upon appellees to overcome the presumption of legitimacy by conclusive evidence.

It must be pointed out that before appellant may benefit from a presumption in favor of his legitimacy he must establish that he was the natural issue of Elizabeth and was born to her during her marriage to Conrad.

In view of the fact that the present appeal arises from a negative judgment, the burden is upon appellant to demonstrate that the decision of the trial court is contrary to law. It is only where the evidence is without conflict and leads but to one conclusion and the trial court reached a contrary conclusion that the judgment will be reversed as being contrary to law. *Lindenborg* v. *M & L Builders and Brokers, Inc.* (1973), 158 Ind. App. 311, 302 N.E.2d 816, 824, 39 Ind. Dec. 323; *Columbia Realty Corporation* v. *Harrelson* (1973), 155 Ind. App. 604, 293 N.E.2d 804, 810, 35 Ind. Dec. 598 (transfer denied); *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573, 576, 28 Ind. Dec. 28. Under such circumstances, a reviewing court may consider only that evidence which is most favorable to the appellee, together with all of the reasonable inferences to be drawn therefrom. *Gary National Bank* v. *Sabo* (1972), 151 Ind. App. 258, 279 N.E.2d 248, 251, 29 Ind. Dec. 408; *Walting* v. *Brown, Extrx., etc.* (1965), 139 Ind. App. 18, 20, 211 N.E.2d 803, (transfer denied).

Upon an examination of the evidence adduced at trial, as hereinabove set out, we are unable to say that the evidence is without conflict and leads to but one conclusion that Elizabeth was the mother of appellant and that the trial court reached a different conclusion.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 315 N.E.2d 745.