**Mary Margaret TEKULVE, Appellant (Plaintiff Below),**

**v.**

**Irma Denninger TURNER, Grace C. Turner, the First National Bank of Columbus, as Trustee of the purported Last Will and Testament of Robert W. Turner, the Presbyterian Foundation of Columbus, Indiana, United Way of Bartholomew County, Inc., Children's Home of Bartholomew County, Indiana, Bartholomew County Indiana Hospital Foundation, Irma Denninger Turner, as Personal Representative of the purported Last Will and Testament of Robert W. Turner, Unknown and Unascertained Heirs at Law of the Decedent, Robert W. Turner, Unknown and Unascertained Beneficiaries of a purported Trust under the purported Last Will and Testament of Robert W. Turner, Appellees (Defendants Below).**

**No. 1–1278–A–367.**

Court of Appeals of Indiana, First District.

July 9, 1979.

1. Note that ordinarily this burden will fall upon the buyer who must bring suit seeking return of his earnest money.

Norman D. Curry, Curry & Zaharako, Columbus, for appellant.

Arthur D. King, Cline, King & Beck, Columbus, for appellees.

ROBERTSON, Judge.

Petitioner-appellant Mary Margaret Tekulve (Tekulve) appeals from a grant of summary judgment in favor of Irma Denninger Turner, et al. We affirm.

Tekulve initiated the instant action by way of a petition to determine heirship during the administration of the estate of Robert W. Turner alleging, *inter alia,* that she was entitled to inherit pursuant to *Ind.Code* 29–1–2–7. This statute provides that an illegitimate child may inherit from a putative father so long as "(1) the paternity of such child has been established by law, during the father's lifetime; or (2) if the putative father marries the mother of the child and acknowledges the child to be his own." IC 29–1–2–7(b). With respect to the first alternative ground, it would be necessary to prove that Tekulve's paternity was established in a judicial proceeding brought for the avowed purpose of adjudicating the paternity issue; moreover, clear and unequivocal acknowledgment standing alone is insufficient. *Thacker et al. v. Butler, Administrator etc., et al.,* (1962) 134 Ind.App. 376, 184 N.E.2d 894. The second ground requires that the putative father marry the mother of such child *and* acknowledge the child as his own. *See Witt v. Schultze,* (1966) 139 Ind.App. 142, 217 N.E.2d 163. The burden of proof rests upon the child. *See, e.g., Haskett v. Haskett,* (1975) 164 Ind.App. 105, 327 N.E.2d 612. Hence, Tekulve has the burden of establishing her right to inherit under IC 29–1–2–7 by showing a judicial declaration of paternity or marriage by the decedent to her natural mother and an acknowledgment of paternity thereafter.

On appeal from a grant of summary judgment, the only issues are whether the trial court correctly applied the law and whether there is a genuine issue of material fact. *Hale v. Peabody Coal Company, et al.,* (1976) Ind.App., 343 N.E.2d 316; *In the Matter of the Big Raccoon Conservancy District,* (1977) Ind.App., 363 N.E.2d 1004. The movant carries the burden of establishing the absence of a factual controversy. *See, e. g., Levy Company, Inc. v. State Board of Tax Commissioners,* (1977) Ind. App., 365 N.E.2d 796; *Swanson v. Shroat,* (1976) Ind.App., 345 N.E.2d 872. Hence, the evidentiary matters before the court are construed in a light most favorable to the nonmoving party (*Levy, Swanson, supra*), and if when so viewed a genuine issue of material fact nevertheless remains, the opponent need not embark on the useless task of filing counter-affidavits. *Illinois Valley Acceptance Corp. v. Woodard,* (1973) 159 Ind.App. 50, 304 N.E.2d 859. These propositions, however, must not obfuscate the primary purpose of a summary judgment, that is, to dispose of matters that do not require resolution by a jury or judge at trial. *See Hayes v. Second National Bank of Richmond,* (1978) Ind.App., 375 N.E.2d 647. *See also Pan American World Airways, Inc. v. Local Readers Service, Inc.,* (1968) 143 Ind. App. 370, 240 N.E.2d 552. Therefore, if the absence of a triable issue is adequately demonstrated to the trial court, the opponent must come forth with sufficient evidence to establish a factual controversy, a showing considerably less than a likelihood of recovery on the merits. *See Bassett v. Glock,* (1977) Ind.App., 368 N.E.2d 18.

The record reveals that the decedent's widow filed an affidavit which stated that, at least with her respect to her personal knowledge, the decedent was never married before, fathered no children, and had adopted no children. In response, Tekulve filed affidavits to the effect that she was the natural child of the decedent and that he had acknowledged her as such during his lifetime. Mary also alleged that she was born 30 years before the widow married the decedent and thus contends that the widow's affidavit lacks probative force.

We decline the invitation of Tekulve to indulge in a hypertechnical analysis of the affidavits before the trial court, especially in light of their conclusory nature. Rather, we are concerned with the now banal but nonetheless pivotal inquiry as to whether a genuine issue of material fact was presented to the court below. The *only* material factual controversy before the court was (1. whether paternity had been judicially established, or (2. whether the decedent married the natural mother of Tekulve *and* acknowledged Tekulve as his daughter. We admit that Tekulve's affidavits, as to the matters averred therein, disclose a "factual controversy." However, there is a stark absence of factual allegations that go to the essence of the action. Tekulve only alleges *acknowledgment,* but not marriage *and* acknowledgment. To hold that a genuine issue of material fact can exist in a factual void would result in a holding that, although the purpose of a motion for summary judgment is to ascertain whether a factual dispute exists, such a dispute can be founded on bare speculation. No factual controversy being brought before the trial court, we hold that the court was correct in holding that no genuine issue of material fact existed for resolution by a fact-finder.

Tekulve next contends that IC 29–1–2–7 is constitutionally infirm insofar as it denies her equal protection of the law. Our Supreme Court has resolved this contention against her (*Burnett v. Camden,* (1970) 253 Ind. 354, 254 N.E.2d 199), *cert. denied,* 399 U.S. 901, 90 S.Ct. 2202, 26 L.Ed.2d 556, and a similar legislative scheme has passed constitutional muster with the United States Supreme Court. *Lalli v. Lalli,* 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). *Compare Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).

Despite Tekulve's specification of eight errors,[1] we believe the foregoing is dispositive of this appeal.[2] Moreover, we are constrained to point out that Tekulve has not cited a single case to this court—and several issues enjoy no more than a paragraph of discussion. This is a failure of good faith compliance with Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Lastly, Tekulve's purported appeal from the trial court's granting summary judgment in favor of Turner on Tekulve's complaint to contest will (Cause 25592 in the Bartholomew Circuit Court) presents essentially a carbon copy of the petition to determine heirship appeal decided above, in terms of issues,[3] briefing, and record. We incorporate by reference herein said discussion, and as we affirm in the heirship appeal, needless to say, we affirm the will contest appeal.

1. Tekulve argues the possibility of a common law marriage but did not submit any factual allegations with respect thereto at the trial level. It is, therefore, an argument without substance. Tekulve also glancingly refers to a "presumption of legitimacy." Such a presumption arises, however, only where it is first established that the child is the natural issue of his or her mother and was born during the marriage of the mother and the decedent. *See In re Estate of Tynes,* (1974) 161 Ind.App. 408, 315 N.E.2d 745. No such foundation was laid here.

2. Tekulve also challenges that part of the trial court's judgment which stated that she had no "standing" as an heir or an interested person under the statutes pertaining to descent and distribution. Since we have resolved this appeal on the merits, the issue of standing is irrelevant.

3. In the will contest appeal, Tekulve submits this additional issue: "Whether the lower court erred by deciding the motion for summary judgment prior to the answers to interrogatories by defendants?" Tekulve, however, has failed to submit an adequate argument and has thus waived this issue. AR. 8.3(A)(7).

For all the foregoing reasons, the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.