Board of Trustees of Firemen's Pension Fund of City of South Bend et al. *v.* State ex rel. Hyatt et al.

[No. 27,796. Filed February 15, 1943.]

*Nathan Levy* and *Joseph A. Roper,* both of South Bend, for appellants.

*Aaron H. Huguenard,* of South Bend, for appellees.

SWAIM, J.—The appellees filed an action asking the trial court to mandate the Board of Trustees of the Firemen's Pension Fund of the City of South Bend, Indiana, and Harry F. Driggs, as City Controller of said city, to recognize the appellees and each of them as members of the fire force of said city and, as such, entitled to the benefits of the Firemen's Pension Fund, pursuant to the provisions of ch. 31 of the Acts of 1937, p. 156; § 48-6518 to § 48-6539, Burns' 1933 (Supp.), § 11835-1 to § 11835-21, Baldwin's Supp. 1937. By demurrer the appellants questioned whether the complaint alleged sufficient facts to show that appellees were members of said fire force within the meaning of said statute. The demurrer was overruled and this action of the court is assigned as the sole error on this appeal. The only question presented by the appellants' brief is whether it appears from the face of the complaint that the appellees are members of said fire force within the purview of said act.

On this question the complaint alleged that the appellees and each of them were "doing duty as a part of the fire force of said city"; that the appellees, James H. McKnight, John Pilarski and Ray M. Smith, were employed in the telephone and signal service of the fire department of the City of South Bend, as fire alarm operators; that the appellee, William L. Hyatt, in his employment by said city, spends one-half of his time as a fire alarm operator and one-half of his time as a lineman in the telephone signal service; and that in performing his duties as a lineman more than two-thirds of his time was spent in the repair and maintenance of the telephone and signal service of said fire department; that the appellee, William F. Qualls, and the appellees, Henry Sherman and Ira Hunsberger, were employed in said telephone and signal service, the

former as superintendent and the latter two as linemen of said service, and each spent more than two-thirds of his time in the repair and maintenance of the telephone and signal service of said fire department; that said appellees, as employees of the fire force of said city, from time to time, demanded that the appellants recognize said appellees as members of said fire force and eligible to share in said fire pension fund; that said appellees have requested the proper officials to place opposite the name of each of the appellees the amount of assessment on the salary of each for said pension fund and have requested that such sum be deducted monthly from the salary of each of them and credited to said firemen's pension fund, all of which said appellants have failed and refused to do; that said appellees were employees of the fire force of said city, in active service, at the time of the passage of said act, and at the time of the passage of the ordinance establishing the firemen's pension fund in said city pursuant to said act, and allege their willingness to comply with all the terms and provisions of said act.

The demurrer alleging, (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that it does not state facts sufficient to constitute a cause of action in so far as said Hyatt, Sherman, Hunsberger and Qualls are concerned, was overruled.

The statute in question provides that every member of the fire force of any such city, who is in active service at the time of the taking effect of the act, but who is not a member of the firemen's pension fund of such city, shall, upon the taking effect of the act, be conclusively deemed to be a member of the firemen's pension fund of such city and shall pay as unpaid assess-

ments, in addition to his current assessments, the same amount into the pension fund as he would have paid in assessments if he had been a member of the pension fund during all the years of his service. Section 15 of the 1937 Acts, *supra*. Section 8 of said act provides that every member of such fire force shall be assessed for said pension fund a part of his salary equal to three per cent per annum of the salary of a fully paid first class fireman. Section 10 provides under what conditions payments from the pension fund shall be made to any member of the fire force or to his dependents in case of his disability or death. Section 11 of the act provides under what conditions any member of such fire force may receive benefits from the pension fund upon retirement.

While the act does not expressly define "fire force" it seems clear that it was intended that these words as used in the act should include others than ■ the regular firemen who were engaged in actual fire fighting. The act provides that the trustees of the pension fund shall be elected by delegates from each fire company chosen by the members of such fire company. Section 3 of said act defines "fire company" as follows: "Each organization or body of men doing duty as a part of the fire force, whether in fire companies, in telephone or signal service or as inspectors, mechanics or watch-service, shall be deemed to be a fire company within the meaning of this act. Whenever the term 'fire company' or 'fire companies' is used in this act, it shall mean and include such organizations as those hereinbefore designated, as well as companies having charge of fire fighting apparatus for service at fires." This section of the act would be surplusage if by it the Legislature had intended to refer only to groups

of regular firemen who, either temporarily or permanently, were assigned to duty in the telephone, signal service or watch service. It must have been the intention to designate as a "fire company" any group of men, even though they were not regular firemen, who were doing such necessary work as the maintenance and repair of the telephone and signal service and the operation of the fire alarm system, all of which was auxiliary to the actual fighting of fires by the regular members of the fire department. We can think of no reason for any such group of men having a voice in the management of the pension fund except that they were considered as members of the "fire force" who were required to pay assessments to and draw benefits from said fund.

The complaint alleges, (1) that each of the appellees was "doing his duty as a part of the fire force," (2) employment of each by the city in the telephone and signal service, which service, in several places in the complaint, was referred to as "the telephone and signal service of the fire department of the City of South Bend"; and (3) the particular service being performed by each of the appellees in said service for the fire department. As against a demurrer, the complaint sufficiently alleged that these appellees were members of the fire force and, therefore, entitled to participate in the pension fund.

If the appellants desired the appellees to state all the facts necessary to sustain the conclusions alleged in the complaint the statute provides a method for accomplishing this result. § 2-1005, Burns' 1933, § 155, Baldwin's 1934.

Appellants insist that the allegations of the complaint that "the plaintiffs and each of them are doing duty as

a part of the fire force of the City of South Bend" and "that these plaintiffs were all employees of the fire force of the City of South Bend in active service at the time of the passage of said act," were conclusions of law and, therefore, must be disregarded in the consideration of the demurrer. We cannot agree with this contention because these are allegations of fact and in the absence of a motion to make more specific are considered to be the allegations of all the facts necessary to sustain the conclusions.

Having alleged that they were "employees of the fire force" and "doing duty as a part of the fire force," it was not necessary that appellees negative their being members of other city groups, organizations or departments.

The complaint failed to show that all of the appellees spent their entire time in the service of the fire department. The act did not expressly require that an employee spend his entire time in the service of the fire department in order to be eligible to participate in the pension fund, nor do we see any basis for saying that such a requirement may be implied. The assessment against each member's salary is the same, an amount "equal to three per centum per annum of the salary of a fully paid first class fireman." § 8 of the 1937 Act, *supra*. The fact that an individual did not spend all of his time in the service of the fire force or did not draw a full salary could not affect the amount of his assessment for the fund.

Appellants contend that the act should not be interpreted to include an individual as a member of the fire force and as a member of the pension fund unless he is subject to the control and supervision of the chief of the fire department. If we were to agree with this contention it can avail the appellants nothing because

the complaint does not 'show that the appellees were not subject to the control and supervision of the chief, and it does allege that they were employees of, and doing duty as part of, the said fire force.

The appellants in their brief make certain statements of fact regarding the status of the appellees as members of the electrical department of the city, but since these facts do not appear in the complaint we are not at liberty to consider them.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 595.