CAIN ET AL. *v.* HECKMAN ET AL.

[No. 769A116. Filed December 18, 1969. Rehearing denied
January 15, 1970. Transfer denied April 24, 1970.]

*Norbert L. Wyss, Kenneth M. Waterman,* of Fort Wayne,
for appellants.

*J. Robert Arnold,* of Fort Wayne, for appellees.

PFAFF, C.J.—Appellant, Board of Trustees of the Fireman's
Pension Fund of the City of Fort Wayne, Indiana, sought by
way of permanent injunction to enjoin the appointment of
certain individuals to the fire force of the City of Fort
Wayne, Indiana, and, further, to enjoin salary payments to
the said appointees. The appointments were made by the
appellee, Board of Public Safety of the City of Fort Wayne,
Indiana.

The trial court determined that the injunction should not
issue, and from this adverse decision the plaintiffs-appellants
have appealed and now contest the judgment of the Whitley
Circuit Court as being contrary to law.

The complaint for permanent injunction charged that those
individuals appointed to the fire force of the City of Fort
Wayne as dispatchers and mechanics failed to meet the re-
quirements of Acts 1937, ch. 31, § 15, p. 156, Burns' Ind.
Stat. Anno., § 48-6532, and Acts 1937, ch. 55, § 4, p. 301,

Burns' Ind. Stat. Anno., § 48-6543, in that they were over thirty-five years of age or had failed to pass the physical examination required by the Board of Trustees of the Firemen's Pension Fund.

It appears from the parties' stipulation of facts that those appointees employed as dispatchers in the signal department of the City of Fort Wayne were to receive and dispatch calls of the fire, police and various emergency departments of the City of Fort Wayne. Those appointees employed as mechanics were to service fire equipment of the Fort Wayne Fire Department. The hiring of these appointees resulted from a mandate of the Common Council of the City of Fort Wayne directing the appellee Board of Public Safety to amend its salary schedule and to substitute civilian personnel for policemen or firemen who were previously employed in the positions now held by the appointees. The parties stipulated that those individuals were either over thirty-five years of age or failed to pass a physical examination as required by the Board of Trustees of the Firemen's Pension Fund of the City of Fort Wayne, and, further, that those individuals appointed have never been trained as firemen or policemen, nor are any of the appointees members of either the Firemen's or Policemen's Pension Fund.

The only question presented herein is whether the appointees, employees in the signal department of the City of Fort Wayne and Fire Department mechanics, are members of the "fire force" within the meaning of Acts 1937, ch. 31, § 3, p. 156, Burns' Ind. Stat. Anno., § 38-6520, which provides:

"Each organization or body of men doing duty as part of the fire force, whether in fire companies, in telephone or signal service or as inspectors, mechanics or watch-service, shall be deemed to be a fire company within the meaning of this act (§§ 48-6518—48-6539a). Whenever the term 'fire company or 'fire companies' is used in this act, it shall mean and include such organizations as those hereinbefore designated, as well as companies having charge of fire fighting apparatus for service at fires."

If the appointees are members of the "fire force" of the City of Fort Wayne, the appellee Board of Public Safety of the City of Fort Wayne unlawfully appointed said individuals to the fire force and the permanent injunction should have been issued because under the provisions of § 48-6532, *supra,* "[n]o person who is over the age of thirty-five (35) years or who fails to pass the physical examination required by the board of trustees shall be appointed, reappointed or reinstated as a member of the fire force of any city contemplated in this act. * * *." As heretofore stated, the parties stipulated that the appointees are either over thirty-five years of age or have failed to pass the physical examination required by the Board of Trustees of the Firemen's Pension Fund of the City of Fort Wayne. Therefore, if the appointees are members of the "fire force" of the City of Fort Wayne, the judgment must be reversed as being contrary to law under the provisions of § 48-6520, *supra.*

In *Board of Trustees, etc.* v. *State ex rel.* (1943), 221 Ind. 110, 46 N. E. 2d 595, the Supreme Court was confronted with an appeal in which the defendant-appellant assigned as error the overruling of its demurrer which questioned whether the complaint alleged facts sufficient to show that plaintiffs-appellees were members of the fire force of the City of South Bend within the meaning of § 48-6532, *supra.* In affirming the trial court's action overruling the demurrer, the Supreme Court, at page 114 of 221 Ind., discussed the meaning of the term "fire force" as used in the Act:

> "While the act does not expressly define 'fire force' it seems clear that it was intended that these words as used in the act would include others than the regular firemen who were engaged in actual fire fighting. The act provides that the trustees of the pension fund shall be elected by delegates from each fire company chosen by the members of such fire company. Section 3 of said act defines 'fire company' as follows: 'Each organization or body of men doing duty as a part of the fire force, whether in fire companies, in telephone or signal service or as inspectors, mechanics or watch-service, shall be deemed to be a fire company

within the meaning of this act. Whenever the term "fire company" or "fire companies" is used in this act, it shall mean and include such organizations as those hereinbefore designated, as well as companies having charge of fire fighting apparatus for service at fires.' This section of the act would be surplusage if by it the Legislature had intended to refer only to groups of regular firemen who, either temporarily or permanently, were assigned to duty in the telephone, signal service or watch service. It must have been the intention to designate as a 'fire company' any group of men, even though they were not regular firemen, who were doing such necessary work as the maintenance and repair of the telephone and signal service and the operation of the fire alarm system, all of which was auxiliary to the actual fighting of fires by the regular members of the fire department."

It is our opinion that the term "fire force" includes both mechanics and personnel in a signal department who receive and dispatch both fire and police calls. It is not necessary that an individual be solely performing an act of the fire department before he can be termed a member of a "fire force." Therefore, the appointees, members of the signal department and fire department mechanics, are members of the "fire force" of the Fort Wayne Fire Department. The statute is very clear, and any reasonable interpretation of § 48-6532, *supra,* would compel a conclusion that the appointees are members of the "fire force."

The judgment is therefore reversed and the cause remanded with instructions to the trial court to grant the permanent injunction as prayed for, and for further proceedings not inconsistent with this opinion.

Judgment reversed. Costs shall be assessed against the appellees.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 297.