KENNETH PIERCE *v.* FORT WAYNE BOARD OF PUBLIC SAFETY; MELVIN H. HECKMAN; JOHN W. BRADEN AND JACK MAGINITY, INDIVIDUALLY AND IN THEIR CAPACITIES AS MEMBERS OF THE BOARD OF PUBLIC SAFETY.

[No. 3-672A11. Filed February 28, 1973. Rehearing denied April 11, 1973. Transfer denied October 19, 1973.]

*Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellant.

*David B. Keller,* City Attorney, *John R. Fleck,* of Fort Wayne, for appellees.

HOFFMAN, C.J—The primary issue presented by this appeal is whether the discharge of appellant-Kenneth Pierce from the fire force of the City of Fort Wayne, Indiana, by the Fort Wayne Board of Public Safety is contrary to law.

This action was commenced by the filing by Pierce of his complaint for declaratory judgment, temporary injunction and injunction, for the purpose of restraining the Fort Wayne Board of Public Safety "from refusing to maintain the

plaintiff [Pierce] in their employ as a civilian member of the Fire Department due to his age." Trial was to the court which found that the plaintiff take nothing by his complaint. Pierce timely filed his motion to correct errors which was overruled by the trial court and this appeal followed.

In *Cain, et al.* v. *Heckman, et al.* (1969), 146 Ind. App. 167, 253 N.E.2d 297 (transfer denied), the Board of Trustees of the Firemen's Pension Fund of the City of Fort Wayne, Indiana, sought to enjoin the appointment of, and payment of salaries to, certain appointees of the fire force of the City of Fort Wayne. The basis of the action was that the appointees failed to meet the requirements of IC 1971, 19-1-37-18, Ind. Ann. Stat. § 48-6532 (Burns 1963), and IC 1971, 19-1-44-4, Ind. Ann. Stat. § 48-6543 (Burns 1963), in that they were over 35 years of age or had failed to pass the physical examination required by the Board of Trustees of the Firemen's Pension Fund. The trial court refused to grant the injunction. On review, the Appellate Court stated that the sole issue presented was whether the appointees in question, mechanics and dispatchers, were members of the fire force and, if so, such appointees were unlawfully appointed. The question was answered in the affirmative and the judgment of the trial court was reversed and the case remanded for further proceedings.

On remand the Whitley Circuit Court ordered, *inter alia,* that the Board of Public Safety of the City of Fort Wayne "discharge forthwith any person who had been appointed to the Fire Force of the City of Fort Wayne, who at the time of his appointment was not under the age of thirty-six (36) years * * *."

Pursuant to such order, Pierce was discharged from the fire force of the City of Fort Wayne. At the time of his discharge, May 29, 1971, Pierce was 47 years of age. Pierce became employed on the fire force in January, 1966, at which time he was 42 years of age.

On appeal, Pierce first contends that his discharge is violative of IC 1971, 22-9-2-2, Ind. Ann. Stat. § 40-2319 (Burns 1965), which provides as follows:

"Dismissal—Refusal to employ.—It is declared to be an unfair employment practice and to be against public policy to dismiss from employment, or to refuse to employ or rehire, any person solely because of his age if such person has attained the age of forty [40] years and has not attained the age of sixty-five [65] years."

Reduced to its simplest form, the above statute prohibits discrimination with regard to the employment of any person solely because that person is between 40 years of age and 65 years of age.

Pierce was not discharged solely because he was between 40 and 65 years of age. He was discharged because he was over 35 years of age when he was appointed to the fire force. We reach this conclusion as a matter of law; it is the only reasonable inference flowing from the evidence. Pierce was not discriminated against because he was 47 years of age. He was discharged because § 48-6532, *supra*, prohibits appointments to the fire force of a person over 35 years of age.

Secondly, Pierce contends that he was prejudiced by the failure of the trial court to find upon the following particulars:

"a) The Court failed to enter a finding of fact as to whether or not the plaintiff's discharge from the fire force of the City of Fort Wayne, Indiana, was caused solely because of the plaintiff's age.

"b) The Court failed to find whether or not the plaintiff was ready, willing and able to meet all other requirements for membership in the firemen's pension fund, but was denied an opportunity to do so because of his age.

"c) The Court failed to find whether or not there were other employees presently employed as a dispatcher or a signalman by the fire force of the City of Fort Wayne who are not members of the firemen's pension fund.

"d) The Court failed to find whether or not the plaintiff was a party to the action entitled Cain, et al. v. Heckman [(1969), 146 Ind. App. 167, 253 N.E.2d 297 (transfer

denied) ], in the Whitley Circuit Court, Whitley County, Indiana, bearing cause number C-68-165, or to the appeal to the Appellate Court of Indiana in said cause."

None of the above particulars are material to the instant appeal. With regard to particulars (a) and (b) the trial court explicitly found that Pierce was discharged because "he was not under the age of thirty-six (36) years at the time of his appointment to the Fire Force." No further finding of ultimate facts was required with regard to his discharge. Therefore, Pierce was not prejudiced by the failure of the trial court to make specific findings of fact on these particulars.

With regard to particulars (c) and (d), no prejudice was involved with the trial court failing to find that Pierce, or other members of the fire force, were parties to the case of *Cain, et al.* v. *Heckman, et al., supra.* As hereinabove stated, that case was brought to enjoin the Board of Public Works and Safety of the City of Fort Wayne from appointing and paying salaries to certain appointees to the fire force. Regardless of whether Pierce or any other member of the fire force was a party to that cause of action, the effect of the judgment therein was to merely declare that the Board of Public Works and Safety was without authority to appoint any person to the fire force who was over 35 years of age. Here the appointment of Pierce, a dispatcher, to the fire force of the City of Fort Wayne was unlawful.

We have been directed to no reversible error in this case. The judgment of the trial court is affirmed.

Affirmed.

Sharp, J. concurs; Staton, J. concurs in result.

OPINION ON ORDER DENYING PETITION TO TRANSFER

HUNTER, J. Dissenting—This controversy arose from an order issued pursuant to the Appellate Court's (now Court of

Appeals) decision in the case of *Cain, et al.* v. *Heckman, et al.*
(1969), 146 Ind. App. 167, 253 N.E.2d 297 (transfer denied).
In *Cain* the Board of Trustees of the Firemen's Pension Fund
of the City of Fort Wayne sought to enjoin the appointment
of, and payment of salaries to, certain appointees of the city's
fire department. The appointees had failed to comply with
IC 1971, 19-1-37-18 (Ind. Ann. Stat. § 48-6532 [1963 Repl.])
(Firemen's Pension Fund Act), which requires that fire force
appointees not be *older than 35 years* and that they pass a
physical examination. The Appellate Court held that such
appointees were in fact hired in violation of the statutory
provision. On remand, the trial court ordered that the Board
of Public Safety of the City of Fort Wayne "discharge . . .
any person who had been appointed to the Fire Force . . .
who at the time of his appointment was not under the age
of thirty-six (36) years . . . ."

The appellant, who was 42 years old when appointed to the
fire force in January of 1966, was discharged pursuant to the
above order on May 29, 1971.[1] He filed a complaint in the
Allen Superior Court seeking declaratory judgment and in-
junctive relief. The trial court denied relief. The judgment
was appealed to the Court of Appeals, which affirmed the
trial court. 292 N.E.2d 857.

On appeal, appellant contended that his discharge was
violative of IC 1971, 22-9-2-2 (Ind. Ann. Stat. § 40-2319
[1965 Repl.]) (Age Discrimination Act), which provides as
follows:

"Dismissal—Refusal to employ.—It is declared to be an
unfair employment practice and to be against public policy
to dismiss from employment, or to refuse to employ or

1. The plaintiff-appellant in this case was never a party in *Cain*.
Appellant argues that such order has no effect upon him in that he was
never formally made a party. However, we disagree with the appellant's
characterization of the order and its ramifications. We believe the Court
of Appeals adequately resolved this issue when it stated: ". . . the effect
of the judgment therein [in *Cain*] was to merely declare that the
Board of Public Works and Safety was without authority to appoint
any person to the fire force who was over 35 years of age." (1973) 155
Ind. App. 348, 292 N.E.2d 857 at 859.

rehire, any person solely because of his age if such person has attained the age of forty [40] years and has not attained the age of sixty-five [65] years."

The Court of Appeals held, as a matter of law, that Pierce was not discharged solely because he was 47 years of age, but rather because he was over 35 years of age when appointed to the fire force and 19-1-37-18, *supra,* prohibits appointments to the fire force of a person over 35 years of age.

The primary issue for resolution in this case is whether the appellant's discharge, pursuant to IC 19-1-37-18, violated the above-mentioned Age Discrimination Act.

IC 19-1-37-18 is a provision within the Firemen's Pension Fund Act. It reads in pertinent part as follows:

"No person who is over the age of thirty-five [35] years or who fails to pass the physical examination required by the board of trustees shall be appointed, reappointed or reinstated as a member of the fire force of any city contemplated in this act."

It is important to note that, although this provision is in the context of the pension statute, it relates only to eligibility for *employment* and not for the pension. It simply precludes *employment* of those over the age of thirty-six.

The Age Discrimination Act, passed in 1965, on the other hand, forbids refusal to hire, or dismissal of, individuals over 40 years of age. There appears, therefore, to be a conflict between the age provision in the pension statute and the Age Discrimination Act. The question is whether the two can be reconciled within the framework of this case. I believe they can be so reconciled.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." Article 1, Section 23, of the Indiana Constitution embodies much the same language. The purpose of these provisions is to protect individuals from arbitrary

and capricious state action, i.e., invidious discrimination. However, a state, through its legislature, may indulge in reasonable legislative classifications. *State ex rel. Miller* v. *McDonald* (1973), 260 Ind. 565, 297 N.E.2d 826. If there are "any state of facts rationally justifying" a legislative classification, then such classification must be sustained.[2] *Miller, supra,* quoting *United States* v. *Maryland Savings-Share Ins. Corp.* (1970), 400 U.S. 4, 27 L. Ed. 2d 4, 91 S. Ct. 16.

The age provision in the pension statute (IC 19-1-37-18) establishes the following classification: those over 35 years of age are *not* employable, while those 35 or under *are* employable. The issue is whether this classification is arbitrary and capricious and devoid of any rational basis. I believe much depends upon the interpretation given the phrase "fire force," which is the unit delineated in the statute.

The pension statute does not expressly define "fire force." However, the Appellate Court in *Cain, et al.* v. *Heckman, supra,* relying on *Board of Trustees, etc.* v. *State ex rel. Hyatt* (1943), 221 Ind. 110, 46 N.E.2d 595, concluded that the term fire force "includes both mechanics and personnel in a signal department *who receive and dispatch both fire and police calls."* (Emphasis added) at 299. In this case, the appellant was a dispatcher and, therefore, according to *Cain,* a member of the *fire force.*

I do not quarrel with the Appellate Court's logic. Its conclusion, based on a total reading of the statute, is justifiable. However, the real question is whether the statute will withstand constitutional muster with such a key term so all inclusively defined.

Line fire fighters engage in a most strenuous and demanding activity. The task requires physical stamina and agility. On the balance of probabilities, one can assume that a younger

2. A stricter standard of judicial scrutiny is required when either fundamental rights or suspect classes are involved. In this case the rational basis test is appropriate in that there is no fundamental right to employment nor is age a suspect class.

fire fighter will be more vigorous and effective than an older one. Therefore, the statutory classification, requiring starting fire fighters to be 35 or under, bears a rational relation to a very legitimate state interest, namely, maximization of fire fighting efficiency.

On the other hand, I can conceive of no rational basis for such an age distinction with respect to employment of administrative and maintenance personnel. (I do believe, however, that there are compelling actuarial reasons for limiting eligibility in the *pension fund* to those 35 years old and under. In fact, the Age Discrimination Act specifically excludes age requirements for pension benefits from its coverage. But in this case, the appellant merely seeks reinstatement of *employment* and never contends that he should be eligible for the pension.) There is no reason to believe that a 40-year-old man will be less effective as a mechanic or dispatcher than a 25-year-old man. In fact, the 40-year-old man may be *more* effective due to extensive experience in his chosen field. Furthermore, it is likely that an older man will command more respect in an administrative role than a younger man.

It is apparent that the rationality of the age provision in the pension statute turns largely on the meaning attributed to the phrase "fire force." If (as in *Cain*) it is given an all inclusive meaning, then the age provision is partly rational and partly irrational. In short, the statute sweeps too broadly by including those who should be excluded.

An overly broad statute is not *per se* unconstitutional. The United States Supreme Court has urged state courts to give narrowing constructions to statutes which might otherwise invade protective rights. *Gooding* v. *Wilson* (1972), 405 U.S. 518, 31 L.Ed.2d 408, 92 S. Ct. 1103. Accordingly, I believe it incumbent upon this Court to narrowly construe the age provision in the pension statute, so as to give said statute constitutional meaning. Therefore, I would overrule *Board of Trustees, etc.* v. *State ex rel. Hyatt, supra,* and *Cain* v. *Heck-*

*man*,[3] *supra,* to the extent that the term "fire force" was improperly defined. By limiting "fire force" to fire *fighters,* the age provision bears a rational relation to a legitimate state interest and, hence, does not fall prey to constitutional attack.

In this case, a non-fire fighter was appointed at the age of 42 and discharged at the age of 47. The Age Discrimination Act prohibits the dismissal of individuals between the ages of 40 and 65 solely because of age. In this case, the appellant *was* discharged solely because of his age. He was discharged because at the time of his appointment he was 42 years of age. Therefore, appellant's discharge appears to fall within the contemplated ambit of the Age Discrimination Act. But the question remains whether or not the Age Discrimination Act protects a non-fire fighting employee of a fire department discharged pursuant to the age provision in the pension statute. I believe its application *is* most appropriate in circumstances such as these.

I view the Age Discrimination Act as an implementation of equal protection principles. The Act is designed to prevent *discriminatory* hiring and firing *based solely on age considerations.* It operates to protect individuals from arbitrary and capricious exclusion. The Act, however, should *not* preclude employment standards which are rationally related to legitimate state interests. As mentioned above, the equal protection clause itself countenances such *rational* distinctions.

In the case at bar, the appellant, a non-fire fighter, has been the object of such an invidious discrimination and should, therefore, be protected by the Age Discrimination Act.

In conclusion, I believe that the conflict between the age provision in the pension statute and the Age Discrimination Act is more apparent than real. The Age Discrimination Act is designed to prevent *irrational* and *capricious* employment

---

3. A further ground for overruling *Cain* is that the Age Discrimination Act was never considered in *Cain* and, hence, the relationship between the age provision and the Age Discrimination Act was never explored.

practices based solely on age. The age provision in the pension statute *is* a rational qualification and, hence, *outside* the protective umbrella of the Age Discrimination Act.

For all the foregoing reasons, I would grant transfer. The opinion of the Court of Appeals should be vacated and the trial court ordered to enter judgment for the appellant.