**Virgie M. BELL, Appellant (Plaintiff Below),**

v.

**Minnie HORTON, Appellee (Defendant Below).**

No. 2–879A232.

Court of Appeals of Indiana, Fourth District.

Oct. 22, 1980.

Rehearing Denied Dec. 4, 1980.

Joseph A. Zappia, Frederick S. Bremer, Indianapolis, for appellant.

Cory Brundage, Ice, Miller, Donadio & Ryan, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Plaintiff--appellant Virgie Bell appeals the adverse grant of summary judgment in a negligence suit against her mother, defendant--appellee Minnie Horton. Bell, in her complaint, sought recovery of money damages for injuries she sustained from a fall on Horton's sidewalk. Horton moved for summary judgment arguing that Bell was a licensee to whom no duty of care was owed. Bell, in her primary argument on appeal, disputes Horton's contention that she occupied Horton's land as a mere licensee, arguing that her relationship with Horton and the purpose of her visit created a genuine issue of material fact as to her status, i. e., whether she was a licensee or an invitee. Because we find no genuine issue of material fact, we conclude that summary judgment was properly granted and we affirm.

The facts in evidence, when construed in favor of Bell, show that on April 8, 1973 at approximately 4:00 p. m., Bell, intending to visit her mother, Minnie Horton, slipped and fell when the heel of her shoe became caught in a crack or defect in Horton's sidewalk. As a result of the fall, Bell fractured her ankle and suffers recurring problems with her leg.

The granting of a motion for summary judgment is appropriate ".... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Ind.Rules of Procedure, Trial Rule 56(C). Because the burden is on the proponent of the motion to show that no genuine issues of fact exist, in deciding whether to grant a summary judgment motion facts set forth in the opponent's affidavit are taken as true, and depositions, admissions, answers to interrogatories, and testimony are liberally construed in favor of the opponent. *Swanson v. Shroat*, (1976) Ind.App., 345 N.E.2d 872, 874.

Bell argues that testimony contained in her deposition which was filed with the trial court created a genuine issue of fact as to whether she was an invitee or licensee. However, because Bell's deposition was not published, it could not be considered by the trial court in ruling on the summary judgment motion; nor can it be considered by this court in reviewing the grant of summary judgment. *Augustine v. First Federal Savings & Loan Association*, (1979) Ind., 384 N.E.2d 1018. As in *Augustine*, no motion to publish the depositions was ever filed; no stipulation by the parties of the contents of the deposition was filed; and no affidavit by the trial court verifying the deposition's contents was filed in the record. Again like *Augustine*, facts from the deposition which are found in Bell's brief in opposition to the summary judgment motion were not properly before the court absent verification by affidavit. A brief is not a pleading, deposition, admission, answer to interrogatories or affidavit within the meaning of TR. 56. *Apple v. Apple*, (1971) 149 Ind.App. 529, 274 N.E.2d 402, 409. Similarly, the statement of facts contained in Bell's appellate brief based on testimony from the unpublished deposition cannot be considered by this court on appeal. *Shuee v. Gedert*, (1979) Ind.App., 395 N.E.2d 804 n. 1; *Board of Trustees of Firemen's Pension Fund v. State ex rel. Hyatt*, (1941) 221 Ind. 110, 46 N.E.2d 595. Consequently, the only facts which the trial court could consider in deciding the motion for summary judgment were those found in the pleadings and an affidavit filed by Horton in support of the motion. Bell filed no opposing affidavit. In Horton's affidavit she states that Bell, her daughter, was invited upon the premises as a social guest. Bell's complaint itself alleged that she was "intending to visit" Horton when the accident occurred. Thus, excluding the testimony contained in the unpublished deposition, the evidence is uncontroverted that Bell was a social guest of Horton when she fell.

Bell nonetheless contends that her status as licensee or invitee remains in genuine issue. She argues that the statement made by Horton in her affidavit that Bell was a social guest would, because it is opinion regarding an ultimate fact in issue, be inadmissible at trial. Thus, she argues, it follows that the fact of whether she is an invitee or licensee remains in issue. However, even assuming arguendo that the above mentioned statement was opinion, the trial judge in her discretion was free to permit lay witness opinion on ultimate fact issues. We review her exercise of discretion in considering the testimony only for an abuse thereof. *Rieth–Riley Construction Co. v. McCarrell*, (1975) 163 Ind.App. 613, 325 N.E.2d 844, 852-53. Horton, as a lay person was competent to testify that her daughter was present as a social guest and we therefore find no abuse of discretion in accepting Horton's statement in the affidavit.

Finding no genuine issue remains regarding Bell's status as a licensee, we find that the trial court was correct in its application of the law. In Indiana, a social guest on the land of another has the rights of a licensee. As a licensee, Bell took her mother's premises as she found them and her mother is not liable for any defects in the condition of her premises.

Bell also argues, however, that even if she was a licensee, a genuine issue of material fact remains as to whether Horton violated the duty of care owed to a licensee. Specifically, Bell argues that the sidewalk contained a hidden undisclosed defect and that Horton was negligent in failing to warn her of the danger it posed. Bell, in her complaint, alleged that Horton was negligent in "maintaining a hidden defect in the sidewalk." In Horton's affidavit

in support of the summary judgment motion, Horton stated *inter alia* that Bell had travelled the sidewalk many times on prior visits; that the sidewalk's condition was unchanged; that Horton had made no changes in the sidewalk's condition; and that Horton had absolutely no knowledge of any defect in the sidewalk which was not open, notorious and well–known to Bell. Bell, as the opponent of the motion, could not rely upon the bare allegations made in her pleadings to avert judgment where Horton, the motion's proponent, had by affidavit shown her entitlement to the requested relief. TR. 56(E). *Podgorny v. Great Central Insurance Co.*, (1974) 160 Ind. App. 244, 311 N.E.2d 640, 647–48. The trial court was required, therefore, because Bell failed to offer opposing affidavits or evidence, to make its determination from the affidavit Horton offered upon the matters placed in issue by the pleadings. TR. 56(C). The trial court could have properly concluded as a matter of law that Horton's conduct in maintaining the sidewalk was insufficient to impose liability upon her for Bell's fall. It is difficult to characterize the sidewalk as a hidden trap or dangerous pitfall. Defects readily apparent to the victim are not "hidden." *Fort Wayne National Bank v. Doctor*, (1971) 149 Ind.App. 365, 272 N.E.2d 876. In addition, Horton's statement in her affidavit that she had no knowledge of any defect that was not well known to Bell was uncontroverted. An owner must have actual or constructive knowledge of the existence of the dangerous condition before liability can attach. *Pier v. Schultz*, 243 Ind. 200, 182 N.E.2d 255. We therefore conclude that the trial court acted correctly in finding no genuine issue regarding a "hidden defect."

Finally, Bell argues that the grant of summary judgment was erroneous because the nature and extent of host guest liability is an uncertain and evolving area of law. Clearly, this argument is meritless. Neither a trial judge's obligation to apply the law nor the appropriateness of summary judgment is altered because the law is unsettled or unclear. If by this last argument, Bell invites us to abolish the distinction between invitees and licensees, we decline. Such alteration of clear and long–standing Indiana precedent we leave to our highest court. *Swanson v. Shroat*, (1976) Ind.App., 345 N.E.2d 872.

Finding no error, the judgment of the trial court is affirmed.

CHIPMAN and MILLER, JJ., concur.